# North Front Street.

*Road law—Dedication of street—Opening of street—Person entitled to damages.*

1. The fact that a street has been placed on a city plan as a plotted street and confirmed by the court of quarter sessions, and that property owners had subsequently made conveyances calling for the street as a boundary, does not constitute the street an open public highway, in the absence of evidence that the dedication had been accepted by the municipal authorities.

2. Where a city serves notice upon property owners to open a street

on the city plan not theretofore accepted as a street, the right to the damages as well as the right to maintain an action to recover them, immediately accrues to those who were at that date the owners of the abutting land.

Argued Oct. 16, 1912. Appeal, No. 70, Oct. T., 1912, by Frederick Funk, Sr., from judgment of Q. S. Phila. Co., March T., 1909, dismissing exceptions to report of jury of view, In the Matter of the Opening of North Front Street from Luzerne Street to Nicetown Lane and from Hunting Park Avenue to the Boulevard. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Exceptions to report of jury of view.
The opinion of the Superior Court states the case.
The court dismissed the exceptions.

*Error assigned* was the order of the court dismissing the exceptions.

*John K. Loughlin*, of *Loughlin & Bracken*, for appellant. —The award of the road jury was for the change of grade alone and not for an opening of the street: Garvey v. Refractories Co., 213 Pa. 177; Osterheldt v. Philadelphia, 195 Pa. 355; Higgins v. Sharon Boro., 5 Pa. Superior Ct. 92; Quicksall v. Philadelphia, 177 Pa. 301.

The right to damages for change of grade accrues to the owner at the time the physical change is made: Howley v. Pittsburg, 204 Pa. 428; Devlin v. Philadelphia, 206 Pa. 518; Clark v. Philadelphia, 171 Pa. 30; Ogden v. Philadelphia, 143 Pa. 430.

The mere form of the procedure cannot change the property rights of the individuals: Pusey v. Allegheny, 98 Pa. 522; Ogontz Ave., 225 Pa. 126.

*Frederick H. Warner*, for appellee.—The date of the three months' notice to vacate served by the department of public works determined the proper recipient of damages: DeHaven's Estate, 12 Pa. Dist. Rep. 680; Uhler v.

Cowen, 199 Pa. 316; Ogontz Avenue, 225 Pa. 126; Losch's App., 109 Pa. 72.

The contention made in the exceptions if followed to a conclusion, shows that the exceptant has no standing before this court: Neely v. Phila., 212 Pa. 551.

OPINION BY PORTER, J., February 27, 1913:

The councils of the city of Philadelphia, by ordinance approved February 27, 1909, authorized the opening of the part of Front street in question and directed the proper city officers to notify owners of property over which the street passed that at the expiration of three months from the date of said notice the street would be required for public use. The notice to property owners, dated March 19, 1909, was issued in the proper form and is admitted to have been served upon the owners of property on April 3, following, and on the nineteenth day of that month, upon the petition of a property owner, the court of quarter sessions appointed viewers to ascertain and assess the damages and benefits, if any, which property owners had sustained or received by the opening of the street. The viewers reported awarding, inter alia, damages in the sum of $1,400 to Elbert R. Loper as an owner of property abutting upon the street. The appellant, Funk, filed exceptions to the report of viewers, averring that Loper by contract in writing dated May 25, 1909, had agreed to sell and convey the property to him, Funk, and that in pursuance of said agreement Loper had actually conveyed the property to him by deed dated June 29, 1909; that the physical opening of the street had not taken place until in the year 1910, and that the report of the jury of view was filed March 29, 1911, and that the damages in question ought to have been awarded to the appellant, instead of to Loper. The court below overruled the exceptions and confirmed the report of viewers; from which decree we have this appeal.

The contention of the appellant is founded upon the

theory that the part of Front street upon which his lot abuts was a public highway before the city passed this ordinance directing it to be opened as such; that having been an open public highway prior to the ordinance it must be assumed that the damages awarded by the viewers were for the change in the grade at which the street was proposed to be opened, and that as the physical change had not been made at the time he acquired title he is entitled to the damages.  This is an appeal from a decree of the court of quarter sessions dismissing exceptions to a report of viewers and does not properly bring before us the evidence upon which the jury of view and the court below passed.  The question attempted to be raised is one of fact; was Front street prior to 1909 a public highway, over which the municipal authorities had acquired control? If the appellant was not satisfied with the manner in which the viewers and the court below disposed of the questions of fact, his proper course was to appeal and demand a jury trial.  We have, however, examined the evidence upon which the appellant based his contention in the court below and find that contention to be without merit.  The fact that Front street had been placed on the city plan, as a plotted street, in 1867, and confirmed by the court of quarter sessions on May 15, 1871, and that property owners had subsequently made conveyances calling for the street as a boundary, did not constitute the street an open public highway, of which the municipality had control : Whitaker v. Phœnixville Borough, 141 Pa. 327; Gamble v. Philadelphia, 162 Pa. 413; Neely v. Philadelphia, 212 Pa. 551.  Even if it be assumed that there was sufficient evidence to establish a tender of a dedication of the street by the Wyoming Villa Land Co., there was no evidence whatever that the tender had been accepted by the municipal authorities, and there must be an acceptance, by the public, of the dedication in order to constitute a street an open public highway, for which the public is responsible: Carroll v. Asbury, 28 Pa. Superior Ct. 354.

When the city, on April 3, 1909, served notice upon the property owners of its intention to open the street, the right to the damages, as well as the right to maintain an action to recover them, immediately accrued to those who were at that date the owners of the abutting land: Uhler v. Cowen, 199 Pa. 316. "As to abutting owners there is an actual taking within the meaning of the law when the street is ordered to be opened and proper notice has been served upon property owners affected thereby. The Act of Assembly of May 26, 1891, P. L. 117, provides a method of procedure to determine all questions incidental to the taking of such property as may be necessary for the street improvement, including damages that may result from making or changing the street to the established grade:" Ogontz Ave., 225 Pa. 126; Sedgley Ave., 217 Pa. 313. Loper was the owner of the property at the time the notice was served and he alone was entitled to all the damage legally recoverable.

The decree is affirmed and the appeal dismissed at cost of the appellant.