## Stoever et al., Appellants, *v.* Gowen et al.

*Deed—Merger of previous agreements in deed.*

1. As a general rule a deed made in full execution of a contract of sale of land merges the contract therein and all prior negotiations, agreements, provisions and stipulations leading up to the execution of the deed made contemporaneously therewith.

*Deed—Recitals—Plan of lots—Survey.*

2. Where a deed recites a survey by a surveyor named, but contains no reference to any plan of lots whatever, a plan of lots having on it the name of the same surveyor mentioned in the deed, cannot be imported into it.

*Deed—Streets—Plan laid out according to public streets—Covenant—Acceptance and dedication of street.*

3. Where a landowner lays out his land to conform to a public street there is no covenant on his part, in conveying the land, that the streets shall remain open.

4. The acceptance of a deed of dedication of land, for use as a public street, by the board of surveyors of a city and the placing of the street on the city plan, constitutes an acceptance by the city so as to vest in the city the jurisdiction over and control of the street.

5. If the landowner after such dedication conveys lots he does not thereby covenant in his deeds that the streets shall remain open.

6. There is no difference, so far as any covenant on the part of the grantor is concerned, between a street laid out by the municipality in the first instance, and one laid out by the owner and then conveyed to and accepted by the municipal authorities.

*Deeds—Covenants as to sale of lots—Subdivision of lots—Injunction—Building restrictions.*

7. An injunction will not be granted restraining an owner of land from subdividing or selling lots of smaller dimensions than those indicated on a plan made by him, in the absence of an express agreement or covenant that the land embraced in the map shall not be sold in lots smaller in area than those thereon, and no such covenant is implied from the mere making of the map and sale of lots with reference thereto.

Argued April 15, 1924.   Appeal, No. 280, Jan. T., 1924, by plaintiffs, from decree of C. P. No. 5, Phila. Co., Dec. T., 1922, No. 4363, sustaining demurrer to bill in equity, in case of William Caspar Stoever, Leila J. Reed, Mary E. P. Monroe, William H. Maus, Isabelle Kolb, Florence DeG. Jenkins v. Francis I. Gowen and James E. Hood, Succeeding Trustees of the Estate of James Gowen, deceased, William H. Wilson, J. Harker Chadwick and J. Franklin Moss.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill for injunction to restrain a contemplated develop-ment of a tract of land.  Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Demurrer to bill sustained.  Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Franklin S. Edmonds,* with him *G. Ruhland Reb-mann, Jr.,* and *Leon J. Obermayer,* for appellants.—The sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public, and operates as a dedication of them to public use: Quicksall v. Phila., 177 Pa. 301; Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Carroll v. Asbury, 28 Pa. Superior Ct. 354; O'Donnell v. Pittsburgh, 234 Pa. 401, 410; O'Donnell v. Porter Co., 238 Pa. 495; Tesson v. Porter Co., 238 Pa. 504; Bell v. Steel Co., 243 Pa. 83.

The dedication in the case at bar, although accepted by the board of surveyors, was not and has never been accepted by the proper authority of the City of Phila-delphia, or by the public, and therefore the sales of par-cels having been made to the complainants, or those through whom they claim, after dedication but prior to the acceptance thereof, a covenant to carry out the plan in the further development of the tract is implied and is binding on the grantor and subsequent purchasers with notice of the plan: North Front Street, 52 Pa. Superior Ct. 345; Phila. v. Thomas, 152 Pa. 494.

The facts are sufficient to establish an implied cove-nant: Garvey v. Refracteries Co., 213 Pa. 177; Dut-ton's Est., 181 Pa. 426; Baum v. Dubois, 43 Pa. 260; Coxe v. Sartwell, 21 Pa. 480.

*B. C. Jones,* with him *Weill & Blakely,* for Wm. H. Wilson and J. Harker Chadwick, appellees.—There ex-ists no covenant, express or implied, on the part of the

trustee relative to the plan of the Dye survey: Titus v. Coal Co., 263 Pa. 24; Tesson v. Porter, 238 Pa. 504; Bell v. Steel Co., 243 Pa. 83; Hawkes v. Phila., 264 Pa. 346.

*George Gowen Parry,* for Francis I. Gowen and James E. Hood, Trustees, appellees.—Even where lots are conveyed, designated by number on the private plan of the vendor, there can be no implication of a covenant with regard to a public highway: Tesson v. Porter Co., 238 Pa. 504; Bell v. Steel Co., 243 Pa. 83; Arch Street, 10 Phila. 117; 28th Street Opening, 102 Pa. 140.

*James W. Laws,* with him *Augustus F. Daix, Jr.,* for J. Franklin Moss, appellee.—When a municipality lays out streets on the land of a private citizen, it is not the act of the owner in any sense, and hence there is no necessity for an implication of a covenant against the owner to give his land to the public without compensation, nor even to dedicate it to public use: Wayne Ave. Opening, 124 Pa. 35; Phila. v. Thomas's Heirs, 152 Pa. 494; Bell v. Steel Co., 243 Pa. 83; Tesson v. Porter Co., 238 Pa. 504; North Front Street, 52 Pa. Superior Ct. 345; Wilkinson v. Supplee, 166 Pa. 315.

Negotiations inducing plaintiffs to purchase are merged in their deeds: Lehman v. Paxton, 7 Pa. Superior Ct. 259; Gangloff v. Smaltz, 18 Pa. Superior Ct. 460; Wilson's App., 109 Pa. 606; Madore's App., 129 Pa. 15.

OPINION BY MR. JUSTICE SCHAFFER, May 12, 1924:

In this proceeding the chancellor sustained demurrers to complainants' bill and they have appealed. The bill sets forth that they are the owners of land on the southeast side of Gowen Avenue in the 22d Ward of the City of Philadelphia and that they are either directly, or in some instances by mesne conveyances, grantees of Francis I. Gowen and James E. Hood, trustees under the will

of James Gowen, deceased. In the deeds, each property is described by metes and bounds and in two of them mention is made of the fact that the premises are described according to a survey made by John H. Dye, surveyor, in December, 1885. In none of the deeds is there any reference to a plan.

The defendants, William H. Wilson and James Harker Chadwick, are described as real estate brokers, agents of the Gowen Estate, and J. Franklin Moss is alleged to have entered into a contract of purchase with them of part of the property belonging to that estate. The bill sets forth that the trustees, being seized in fee simple of a tract of land, caused a portion of it to be laid out and plotted and had a plan of lots prepared by John H. Dye in 1885, which plan was attached to the bill. It was set forth that this plan had been confirmed by the department of surveys of the City of Philadelphia on April 19, 1886, the department having been authorized to revise the lines of a certain city plan, including the tract in question, by ordinance of councils. This confirmation of the plan was prior to any conveyances being made by the Gowen Estate. Among the streets marked and plotted on the plan was one called Wadsworth Avenue, which was laid out 450 feet south of Gowen Avenue, on which latter street the properties of the plaintiffs front.

By deed dated September 25, 1888, and recorded, the trustees of the Gowen Estate granted to the City of Philadelphia the ground over which Wadsworth Avenue was located as a public street or highway and dedicated it to public use. This dedication was accepted by the board of surveyors October 2, 1888, as they had the right to do under the Act of June 6, 1871, P. L. 1353, which provides: "Section 1. That the board of surveyors of the City of Philadelphia, as elected and constituted under acts of assembly, be and the same are hereby invested with full authority to examine and finally confirm or reject all plans of surveys or revisions of plans of

the City of Philadelphia when the same have been made by the direction of the select and common councils of the said city.  Section 3.  No street shall hereafter be added to any confirmed plan of the City of Philadelphia, and called a public street, until the same shall have been approved by the board of surveyors as to location, width and grades, and shall extend from street to street as a thoroughfare."  This acceptance, as heretofore recited, was by authority of city councils.  The street has since been graded and has been opened for public use.  The dedication and acceptance of the street was prior to any of the deeds to the complainants.  It is averred that the complainants by implied covenant have the right to have Wadsworth Avenue remain in its location as it appears on the plan of lots of the Gowen Estate and to have the ground 60 feet wide, over which Wadsworth Avenue is located, left open forever, that all persons might use it as a public highway; that relying upon the implied and express dedication of the street and on the carrying out of the project of development provided for by the plan, the complainants purchased their respective properties and that they have a special value for use as high grade residences on account of the plotting as it appears on the plan.  The bill avers that the deeds to the complainants contained conditions restricting the land conveyed in respect to its use for the sale of spirituous or malt liquors, as a livery stable, stockyard, planing mill, carpenter or blacksmith shop, stone cutting yard, for carrying on any manufacturing or other business causing a nuisance or affecting the health or comfort of the neighborhood, and so that no building could be erected within 50 feet from Gowen Avenue.  There was no other building restriction in the deeds.  The complainants recited that they had spent large sums of money on the improvement and development of their properties and have built handsome residences thereon.  They alleged that, as part of the consideration and inducement to them to buy the lots, the duly authorized agents of the Gowen Estate

gave to each of the purchasers thereof a copy of the plan referred to, and stated that this represented the accepted and agreed upon plan of development of the entire tract; that plaintiffs or their predecessors in title relied on the assurances and inducements thus given when they bought their properties. They averred that from the facts outlined there arose an implied covenant that the tract would be developed in accordance with the plan.

It was further set forth that, in violation of the complainants' rights, the defendants have adopted, and are about to carry into effect, a new plan of development for the tract, which has been submitted to the board of surveyors of the City of Philadelphia for its approval; that, in pursuance of the new plan, part of Wadsworth Avenue will be vacated and two other streets will be created, which will have the effect of lessening the size of the lots in the rear of complainants' properties; that this new plan includes the purpose to erect a row of small houses on each side of the submitted streets, which are to be constructed at a cost considerably less than the value of complainants' properties. It was averred that the adoption of the proposed plan will be a breach of the covenants between plaintiffs and the trustees of the Gowen Estate, and that the building of the small houses on the two new streets will be a continuing trespass on complainants' rights, will seriously damage their properties for residential purposes and greatly depreciate their value.

The relief prayed for was, that by injunction the trustees of the Gowen Estate should be compelled to record the original plan, that the defendant be enjoined from proceeding to vacate Wadsworth Avenue or changing the location thereof, or in any manner hindering or interfering with the public use of it by plaintiffs, and by other persons having the right to use it, that defendants be enjoined from carrying out the new plan, and that no development be permitted except in accordance with the original one.

The defendants demurred to the bill and the court below sustained the demurrers on the grounds, (1) there being no reference in any of the deeds to the plan in reliance upon which complainants claimed to have made their purchases, the representations to induce them to purchase were merged in the deed, and (2) the trustees having dedicated Wadsworth Avenue to the City of Philadelphia, the jurisdiction to retain or vacate the street is vested in the municipal authorities and is not within the control of the trustees, that when the avenue was dedicated it was lawfully added to the confirmed plan of the city, having been approved by the board of surveyors as to location, width and grades, and became a public street, and none of the complainants have any property in or access right to the avenue because their' lots do not abut on it.

We think the disposition of the case by the court below was correct. "As a general rule a deed made in full execution of a contract of sale of land merges the provisions of the contract therein, and this rule extends to and includes all prior negotiations and agreements leading up to the execution of the deed, all prior purposes, stipulations and oral agreements, all collateral promises including promises made contemporaneously with the execution of the deed": Titus v. Poland Coal Co., 263 Pa. 24, 33; Dobkin v. Landsberg, 273 Pa. 174, 182.

Appellants argue that the words in two of the deeds "the premises being described according to a survey made thereof by John H. Dye, surveyor, in December, 1885" and "all that certain lot or piece of ground described according to survey made thereof by John H. Dye, surveyor, in December, 1885," in effect incorporate the plan in the deed because the plan has on it the words "Plan of Estate of James Gowen, Dec'd., John H. Dye, surveyor, Dec., 1885," but it is obvious the words in the deed cannot be given the sweeping effect which would be given was the plan actually referred to and cannot be made to import more than they say, that Dye surveyed

the lots. In all cases where covenants implied from the recital of a plan in a deed have been upheld by us there has been a direct and categorical reference to the plan; they all say actually that the lots "were sold and conveyed according to the plan" (Quicksall v. Phila., 177 Pa. 301), or use some like expression: Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Garvey v. Harbison-Walker Refractories Co., 213 Pa. 177; O'Donnell v. Pittsburgh, 234 Pa. 401; Tesson v. Porter Co., 238 Pa. 504; Chambersburg Shoe Mfg. Co. v. Cumberland Valley R. R. Co., 240 Pa. 519; but in the deeds we are considering, there is no reference to the plan whatever, and it cannot be imported into the deeds because of the principle heretofore quoted.

When a plan of the owner's private development of his property is referred to in a deed "there is not only an implied covenant by him to the owner of each lot that the streets and alleys, as they appear upon his plan, shall be forever open to the use of the public, but a dedication by him of the same as highways to the use of the public forever, and the municipality itself cannot extinguish the easement which each lot owner thus acquires by private contract with the owner of the plotted ground": Tesson v. Porter, 238 Pa. 504. We are not, however, dealing with private streets appearing upon an owner's plan, but, according to complainants' bill, with a street, Wadsworth Avenue, which by deed, recorded preceding the conveyances to plaintiffs, the trustees of the Gowen Estate had granted to the City of Philadelphia "for a public street or highway......and thus dedicated the street to the public use" which "dedication was accepted by the board of surveyors October 2, 1888," also previous to the vesting of title to the lots in any of complainants or their predecessors. Therefore, it appears, from complainants own pleading, that when the Gowen Estate sold the lots (and conceding for the purposes of the proposition that the purchasers were given the plan and the assurances claimed in connection with it) they

were sold, so far as Wadsworth Avenue is concerned, upon a public street and not a private one.   When a landowner lays out his land to conform to a public street, the rule is different, and there is no covenant on the grantor's part that the streets shall remain open. "When appellant purchased, the streets and alleys were public highways, made so by the acts of the borough authorities.   She was not in the position of one purchasing a lot from a private owner according to a plan showing streets and alleys laid out by that private owner, but not accepted or adopted as public highways by municipal authority.   If she had purchased from a private owner before the streets and alleys had become public highways, her only protection would have been the implied covenant of her grantor that the streets and alleys shall remain open for the use of the lot owners, and of the public as well, as a means of access to their properties,......she purchased with notice that the streets and alleys were controlled and maintained by the borough authorities as public highways": Bell v. Pittsburgh Steel Co., 243 Pa. 83.   When appellants acquired their properties, and ever since that time, not the Gowen Estate, but the City of Philadelphia has had dominion over Wadsworth Avenue.

Appellants endeavor to meet the bar which Wadsworth Avenue as a public street raises against them, with the assumption that its acceptance by the board of surveyors was not by proper authority of the city, and, therefore, the sale of lots to them, or those through whom they claim, after dedication, but prior to complete and lawful acceptance, creates a covenant to carry out the plan in the further development of the tract,—binding on the grantors and subsequent purchasers from them with notice of the plan.  In their printed brief they argue: "The land lying within the limits of the streets was conveyed to the city for use as a public highway by deed and the deed was accepted by the board of surveyors.   Beyond this the city has done nothing with refer-

ence to Wadsworth Avenue." They rely on North Front Street, 52 Pa. Superior Ct. 345, where, "there was no evidence whatever that the tender [of the street] had been accepted by the municipal authorities." Here, however, it is averred in the bill that the dedication was "accepted by the board of surveyors" and the deed of dedication recorded. In view of the fact that city councils, in accordance with the provisions of the Act of 1871, had theretofore authorized the board to revise the lines of the city plan, including the tract in question, the city's action was complete. The conclusion, must be that when the land passed out of the Gowen Estate to complainants and their antecedent title holders, the avenue was a public street, and there was no covenant on the part of the trustees of the Gowen Estate by its plotting on their plan. The city has the right to change the location of the avenue and defendants are in no way responsible for what it may do.

The cases from a very early date have drawn the distinction between the sales of lands bordering on a street that before the conveyance was public and those sales of lands bordering on a thoroughfare, rights in which became vested in the grantees by virtue of the grantor's plan and conveyance. "It would be a novel legal doctrine to broach over the broad lands of the state, that if one sold land bounded by a public highway, he might be sued for a covenant broken, if the public, in any time to come, should vacate the highway": Bellinger v. Union Burial-Ground Society, 10 Pa. 135. In re Opening of Brooklyn Street, 118 Pa. 640, Mr. Justice Green said: "If it be a public street laid out by municipal authority, the grantee is presumed to know that fact, and takes his title subject to the municipal control as to the time and circumstances of opening it for use. If it be a street laid out by the grantor himself over land which he sells in lots, there is necessarily an implied covenant that he will open it at least for the use of his grantees." There is no difference so far as any covenant on the part of the

grantor is concerned between a street laid out by the municipality in the first instance and one laid out by the owner and then conveyed to and accepted by the municipal authorities: Henderson v. Young, 260 Pa. 334.

It may not be inappropriate to add, that the real complaint of appellants would seem to be that, in the new development contemplated by the defendant, Moss, who has bought the part of the Gowen Estate tract lying south of appellants' properties, he proposes to divide it into smaller lots than those provided for on the original plan. Even had that plan been recited in the deeds, there would, from this circumstance alone, have been no implied covenant that the lots should not be changed in size, and that smaller houses should not be built on them —to accomplish this, there would have been required a building restriction in the deeds to plaintiffs of clear and unmistakable import. An injunction will not be granted restraining an owner of land from subdividing or selling lots of smaller dimensions than those indicated on a plan made by him, in the absence of an express agreement or covenant that the land embraced in the map shall not be sold in lots smaller in area than those shown thereon, and no such covenant is implied from the mere making of the map and sale of lots with reference thereto: Herold v. Columbia Investment & Real Estate Co., 72 N. J. Equity 857, 67 Atlantic 607, 16 Ann. Cases 580.

The decree is affirmed at the cost of appellants.