206 A.2d 671 (1965)
John R. DICK, Jr., and Dorothy E. Dick, His Wife, Defendants Below, Appellants,
v.
Horace C. REVES and Rita E. Reves, His Wife, Plaintiffs Below, Appellees.
Supreme Court of Delaware.
January 7, 1965.
*672 Paul R. Reed, Georgetown, for appellants.
Claud L. Tease, Georgetown, for appellees.
WOLCOTT, Chief Justice, CAREY, Justice, and McNEILLY, Judge, sitting.
CAREY, Justice.
This appeal is from a decision of the Court of Chancery which granted plaintiffs' prayers for rescission of a sale of realty, plus damages, by the defendants to the *673 plaintiffs. The land is located in Chester County, Pennsylvania. The relief was based upon a finding that the purchase was induced by a material misrepresentation. The defendants question this finding of fact as well as several rulings of law.
Preliminarily, we mention two matters which were not specifically raised in the Court below. The first is a challenge to the jurisdiction upon the ground that a Delaware Court has no power to direct reconveyance of property located in another State. Of course, the plaintiffs are the parties who must reconvey the property and they have affirmatively offered to make such transfer; what the defendants have been ordered to do is simply to repay the purchase price and damages. Equity acts in personam, and the defendants were personally served and are residents of Delaware. This jurisdictional argument is accordingly without merit. 30 C.J.S. Equity § 82, p. 444; 55 Am.Jur. 977.
We agree with defendants' second preliminary contention, i. e., that the law of Pennsylvania governs the substantive rights of the parties. Plaintiffs do not disagree with this contention. The land is located in that State, the preliminary negotiations and the agreement for the sale took place there; indeed everything about the transaction occurred there with the sole exception of the actual signing of the deeds, which took place in Delaware. 16 Am.Jur. 2nd Conflict of Laws § 14, etc.
Most of the evidence presented in Court below was oral; in fact, all the evidence concerning the alleged misrepresentation was oral. In this situation, our duty is not to determine whether we would have made the same findings of fact as were made by the trial Court; our function is to determine whether the record contains sufficient evidence to support its findings. Blish v. Thompson Automatic Arms Corp., 30 Del.Ch. 538, 64 A.2d 581. We shall not, therefore, discuss all the evidence in the record, but shall merely set forth enough of it to show that there is ample evidence to support the Vice-Chancellor's conclusions.
In 1957, Ralph Wesley Jones and his wife conveyed a tract of over thirty acres to their daughter, Dorothy E. Dick, one of these defendants. That deed was duly recorded. Mrs. Dick and her husband shortly thereafter executed a deed conveying the entire tract to her mother, but this instrument was not recorded until 1962 and there is nothing in the record to show that these plaintiffs had any knowledge of it until after the commencement of the present action. Also in 1957, Mrs. Dick alone executed a power of attorney to her father which included the authority to "negotiate with prospective purchasers". This power of attorney was duly recorded.
The plaintiffs herein were acquainted with Mr. Jones and with Mr. and Mrs. Dick. Some time in 1959, Mr. Jones showed them the property involved here. At that time, the plaintiffs believed that Mr. Jones was the owner. After viewing the property, plaintiffs indicated their interest in purchasing approximately 5 acres. Plaintiffs' testimony was to the effect that Mr. Jones at first suggested that a home be built across a stream which appeared to pass through the property. This idea was ultimately rejected but plaintiffs testified that Jones stated that the stream did form part of the tract. When the plaintiffs were ready to make an initial down payment for the purchase, they were for the first time told by Mr. Jones that the check should be made payable to Mrs. Dick because of her recorded ownership. Additional payments were thereafter made in the same manner until the full purchase price of $17,000 had been paid. The checks were all payable to Mrs. Dick but delivered to Mr. Jones. In addition to the purchase, the plaintiffs entered into an agreement with Mr. Jones whereby he agreed to construct a house upon the property. He had done part of that work and the plaintiffs had paid him $6000 toward the cost of construction by the time the alleged misrepresentation was discovered. Plaintiffs had also incurred other expenses *674 totaling $946.85 in connection with the purchase and construction.
After final payment for the land had been made, Mrs. Dick and her husband executed a deed to the plaintiffs, Mr. Dick joining in the conveyance to release whatever right of curtesy or other possible interest he might have as husband of the owner. Because the land to be included in the deed had not been surveyed, the description inserted therein was necessarily vague, and the following sentence was included:
"It is the intention of the grantors herein to deliver and of the grantees herein to accept, at a future date, a definitive deed reciting courses and distances of the aforesaid five acre tract hereby conveyed, so soon as the same can be determined and the questions of correct property line can be resolved".
The deed also included the following sentence:
"It is intended that this tract being conveyed shall include within its south easterly and its north westerly limits as later defined by courses and distances the entire portion of a stream of water which appears to start about the present westerly end of the improved Oak Lane in Daylesford Village, flowing generally north west therefrom, including the both banks of said stream of water".
Subsequent to acceptance of this deed, the plaintiffs repeatedly requested an adequate survey of the property and the confirmatory deed called for in the first one. Finally, on May 16th, 1961, almost a year after delivery of the first deed, the confirmatory deed was submitted to plaintiffs but was rejected for the reason that the property therein described by metes and bounds did not include the stream of water, including both banks thereof as called for by the first deed. In fact, as to part of the tract, the boundary line was some distance short of reaching the nearest bank of the stream. The difference in quantity of land was not great, but the part omitted was of special significance to the plaintiffs, as Mr. Jones knew, because of their plan to erect their new home at a spot accessible to the stream and directly facing that section of the stream which was later shown by the survey to be beyond the bounds of the property.
The Vice-Chancellor found that Mr. Jones had in fact represented to the plaintiffs from the beginning that the stream would be a part of the property to be conveyed; that this same representation was included in the first deed; that, as to the part of the property which did not reach to the stream, Mr. Jones had untruly represented the location of Mrs. Dick's property line; that the true property line, instead of following the winding stream, was a straight line only 18 feet away from the front of the house then under construction; and that both defendants were bound by the misrepresentation. The Vice-Chancellor, who had viewed the scene, held that the misrepresentation was material and directed reconveyance of the property, and repayment by defendants of the consideration plus damages.
From the foregoing evidence which was believed by the trial Judge, it is clear that we cannot set aside his ultimate finding of fact because it is obviously based upon evidence which is adequate to justify those findings. Although it appears to be the law of Pennsylvania (see Stoever v. Gowen, 280 Pa. 424, 124 A. 684) that prior representations merge into a deed, in the present case the deed itself contains those representations; in other words, they are included in the written memorial of the oral agreement.
Defendants argue that the proofs justify a finding of nothing more than breach of warranty for which damages in law would be an adequate remedy and that the Court should have declined to exercise its jurisdiction. As indicated above, the case was tried upon the theory of misrepresentation and there was evidence to justify the findings. In that situation, *675 Chancery clearly has jurisdiction to order rescission. Holley v. Jackson, Del.Ch., 158 A.2d 803; DeBernard v. DeBernard, 384 Pa. 194, 120 A.2d 176. If the actual exercise of this power involves any exercise of discretion, we cannot hold that the Vice-Chancellor abused that discretion under the facts of this case.
Defendants also argue that the finding of actionable misrepresentation was unjustified because there was no evidence that Mr. Jones had knowledge of any falsity at the time. This argument is answered by the Pennsylvania case of Berger v. Pittsburg Auto Equip. Co., 387 Pa. 61, 127 A.2d 334, wherein it is pointed out that, in an action for rescission, proof of knowledge of the falsity is unnecessary. See also LaCourse v. Kiesel, 366 Pa. 385, 77 A.2d 877.
Another contention raises the question of whether both Mrs. Dick and her husband are bound by the representations made by Mr. Jones. We agree with the Court below that Mrs. Dick is so bound. By her power of attorney, she had authorized Mr. Jones "to perform * * * any action to protect my land * * * to prepare surveys, negotiate with prospective purchasers and cause to be performed anything that you deem proper for my interests * * *". Although at the time the representations were made the plaintiffs had no knowledge of any agency relationship, they were informed of it prior to the payment of any part of the purchase price. The representations must accordingly be considered binding upon Mrs. Dick. Restatement, Agency 2d, § 63, § 161A, § 162; Indovina v. Metropolitan Life Ins. Co., 334 Pa. 167, 5 A.2d 556; LaCourse v. Kiesel, supra.
We must, however, disagree with the Court below concerning the responsibility of Mr. Dick. He was not the legal or equitable owner of the property, and he never gave any actual authority to Mr. Jones. There is no proof of apparent authority; the plaintiffs were never told that Jones was acting for Mr. Dick. There is no evidence that he had any actual knowledge of the misrepresentation. He received no part of the consideration. His only purpose in signing the deed was to release his "husband's rights", whatever they may be in Pennsylvania. He had no present vested interest in possession, as we understand the Pennsylvania law. See Title 48 Purdon's Pa. Statutes § 31, etc. If the act of July 15, 1957 (P.L. 969, No. 417, § 1), 48 P.S. § 32.1 means that there is no necessity for a husband to join in his wife's deed, his signature in this case was surplusage. In the circumstances of this case, we are unable to perceive any proper theory under which Mr. Dick can be ordered to repay any part of the purchase price or damages. Plaintiffs suggest that he ratified Mr. Jones' acts by signing the deed, but there is no proof that Jones ever purported to be acting for Mr. Dick. Restatement, Agency 2d § 85. The suit here was not for breach of warranty and, even if it were, the prevailing rule is that a spouse who signs a deed merely to release a potential curtesy, dower or similar right does not thereby assume liability on the covenants contained in the deed. 41 C.J.S. Husband and Wife § 39. We assume that Pennsylvania would follow that rule as to which we have found no dissent.
Probably, if Mr. Dick had actually received a part of the consideration, he could be made to pay it back upon some theory of unjust enrichment, because he will be restored to all of his "husband's rights" when the property is reconveyed to his wife. As we have said, however, there is no evidence that he received any part of the purchase price.
For the foregoing reasons, we are of the opinion that the lower Court was in error in entering its judgment against Mr. Dick and that the decree must be modified to that extent. This holding is based upon the evidence and does not necessarily mean that he was an improper or unnecessary party initially.
*676 Defendants argue that the Court below erred in requiring Mrs. Dick to repay the amount spent for the improvements made and the other incidental expenses in addition to the actual purchase price. Once a court of equity takes jurisdiction of a case, it will attempt to do complete justice. In ordering rescission of a contract, it will order done whatever is necessary to restore the parties to their original situation as nearly as possible. As far as the incidental expenses are concerned, they represent moneys expended by plaintiffs in connection with this transaction which would not have otherwise been expended. They were incurred because of reliance upon the misrepresentation by Mr. Jones. The trial Court was obviously correct in ordering repayment of that amount. Similar considerations justify repayment of the moneys expended upon improvements. Defendants, however, argue that the amount of the award should not be measured by the actual cost of the improvements, but by the amount by which they have increased the value of the property. In support of this argument, they cite 3 Black on Rescission and Cancellation (2nd ed.) § 636. Further in the same section, the author points out that the Court may fairly infer that the land is enhanced to the same amount as the cost of the improvements, if there is no other evidence on the subject. In this case, there was no evidence presented or offered to show either that the land was not enhanced to the same extent as the cost of the improvement or that the amount expended for that purpose was excessive. Defendants also argue that there should be deducted from the money verdict a proper amount for depreciation and waste, citing 3 Black on Rescission and Cancellation § 633. That same section states also that this rule applies only where the waste is attributable to the purchaser's own act or fault. In any event, we have been unable to find a single word of evidence in the record concerning any waste or any depreciation in the value of the improvements. Statements in an attorney's brief do not constitute evidence.
The decision of the lower Court will be affirmed as to Mrs. Dick but reversed as to Mr. Dick and the lower Court will be directed to modify its order accordingly.