J. A11017/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

ROBERT J. BARKER AND DIANE B.　　:　　IN THE SUPERIOR COURT OF
BARKER, HUSBAND AND WIFE,　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　:
　　　　　　　Appellants　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　　:　　　　No. 1384 WDA 2013
DAHLKEMPER LANDSCAPE ARCHITECTS:
& CONTRACTORS, INC.　　　　　　:

Appeal from the Order, July 25, 2013,
in the Court of Common Pleas of Erie County
Civil Division at No. 11443-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 20, 2014**

Appellants, Robert J. Barker and Diane B. Barker ("the Barkers"),

appeal from the order of July 25, 2013, dismissing their negligence claim as

barred by the "as is" clause contained in Paragraph 28(B) of the Agreement

for Sale of Real Estate ("the Agreement").  The Barkers also appealed the

December 4, 2012 order ruling that they failed to state a viable claim for

breach of an implied warranty.  This court dismissed the appeal at No. 1399

WDA 2013 as duplicative and directed that all properly preserved issues be

raised in the appeal at No. 1384 WDA 2013.  After careful review, we affirm.

> The subject matter of this case is a collapsed
> retaining wall.  [The Barkers] are the current owners
> of property in Fairview, Pennsylvania located on a
> bluff on the shore of Lake Erie.  In 2007, the
> previous owners of the property contracted

[Dahlkemper Landscape Architects & Contractors, Inc. ("Dahlkemper")] to design and construct a retaining wall on the bluff. In 2009, [the Barkers] purchased the property from the prior owners, and in May 2011, the retaining wall collapsed, causing land and foliage to subside along with it. Thereafter, [the Barkers] brought this action against [Dahlkemper], alleging negligence and breach of implied warranty.

Trial court opinion, 12/4/12 at 1 (citations to the complaint omitted).

On December 4, 2012, the trial court granted Dahlkemper's motion for judgment on the pleadings with respect to the implied warranty claim, on the basis of lack of privity between the parties. The Barkers, the subsequent owners of the property, were not in privity of contract with the contractor, Dahlkemper. The trial court also noted that all of the cases relied upon by the Barkers pertained to houses, not retaining walls. (*Id.* at 3.) However, the trial court denied Dahlkemper's motion with regard to the Barkers' negligence claim.

Subsequently, on July 25, 2013, the trial court granted Dahlkemper's summary judgment motion and dismissed the remaining negligence claim, finding that it was barred by Paragraph 28(B) of the Agreement. Paragraph 28(B) provides,

Unless otherwise stated in this Agreement, Buyer has inspected the Property (including fixtures and any personal property specifically listed herein) before signing this Agreement or has waived the right to do so, and agrees to purchase the property IN ITS PRESENT CONDITION. Buyer acknowledges that Brokers, their licensees, employees, officers, or partners have not made an independent examination or determination of the structural soundness of the

> Property, the age or condition of the components, environmental conditions, the permitted uses or of conditions existing in the locale where the Property is situated; nor have they made a mechanical inspection of any of the systems contained therein.

(Emphasis in original.)

The trial court found that this "as is" clause operated to bar the Barkers' negligence claim, where Paragraph 28(B) was unequivocal and unambiguous in stating that they either inspected the property or waived their right to do so, and purchased the property "in its present condition." (Trial court opinion, 7/25/13 at 4.) The trial court determined that this language clearly demonstrated the parties' intent that the Barkers purchase the property "as is" and release any parties responsible for defects therein from liability. (*Id.*) This timely appeal followed.

First, we will address the implied warranty claim. The trial court granted Dahlkemper's motion for judgment on the pleadings on this issue, finding that the implied warranty of habitability does not apply to retaining walls.

> Our scope of review on an appeal from the grant of judgment on the pleadings is plenary. **Meehan v. Archdiocese of Philadelphia**, 870 A.2d 912, 918 (2005). Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. **Citicorp North America, Inc. v. Thornton**, 707 A.2d 536, 538 (Pa.Super.1998). It may be entered

when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Id.* In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. *Id.* On appeal, we accept as true all well-pleaded allegations in the complaint. *Meehan*, *supra*.

On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury. *Citicorp*, *supra*.

> Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Kelly v. Nationwide Insurance Company*, 414 Pa.Super. 6, 606 A.2d 470, 471-72 (1992) (quotations and citations omitted).

*Consolidation Coal Co. v. White*, 875 A.2d 318, 325-326 (Pa.Super. 2005).

Our Supreme Court first recognized the implied warranty of habitability in *Elderkin v. Gaster*, 447 Pa. 118, 288 A.2d 771 (1972). In *Elderkin*, our Supreme Court recognized that the implied warranties of habitability and reasonable workmanship were necessary to equalize the

> disparate positions of the builder-vendor and the average home purchaser by safeguarding the reasonable expectations of the purchaser who is compelled to depend upon the builder-vendor's greater manufacturing and marketing expertise.

*Conway v. The Cutler Group, Inc.*, 57 A.3d 155, 158 (Pa.Super. 2012), *reversed*, 2014 WL 4064261 (Pa. filed August 18, 2014), citing *Elderkin*, 288 A.2d at 776-777 (additional citation omitted).  The Barkers rely on this court's decision in *Conway*, in which we held that the implied warranty of habitability extends to a second or subsequent purchaser of a home, stating that, "A second or subsequent purchaser is entitled to the same assurances as the original purchaser that the home the builder has constructed is habitable for human living."  *Conway*, 57 A.3d at 161.  This court reasoned that, "the risk of latent defects affecting habitability in the home that do not materialize for years after construction properly rests with the party who built the home, irrespective of whether the homeowner is the original buyer."  *Id.* at 162 (footnote omitted).

Recently, however, our supreme court reversed, declining to eliminate the requirement for contractual privity in a claim for breach of the implied warranty of habitability.  Our supreme court noted that the holding in *Elderkin* was rooted in the existence of a contract between the builder-vendor of a residence and the purchaser-resident:  "Thus, in *Elderkin*, we adopted the doctrine of implied warranty of habitability for a newly constructed residence under circumstances where the parties to the

sale of the residence, to wit, the builder-vendor and the purchaser-resident, were in privity of contract." **Conway**, 2014 WL 4064261 at *2. The **Conway** court concluded that, "the question of whether and/or under what circumstances to extend an implied warranty of habitability to subsequent purchasers of a newly constructed residence is a matter of public policy properly left to the General Assembly." **Id.** at *5. Accordingly, our supreme court held that an action for breach of the implied warranty requires contractual privity between the parties. **Id.**

Here, as in **Conway**, the Barkers are second or subsequent purchasers. As such, they are not in contractual privity with Dahlkemper and cannot, as a matter of law, recover on a claim for breach of the implied warranty of habitability, a point they now concede in light of the **Conway** decision. (**See** September 2, 2014 letter from Barkers' counsel.)[1] Therefore, we need not address whether the implied warranty of habitability applies to retaining walls. The trial court did not err in granting Dahlkemper's motion for judgment on the pleadings with regard to the Barkers' claim for breach of an implied warranty of habitability.

Next, we address the Barkers' negligence claim. As stated above, this claim was dismissed on Dahlkemper's motion for summary judgment on the basis of Paragraph 28(B)'s "as is" provision.

---

[1] We appreciate that counsel for the Barkers filed a post-submission communication informing this court of our supreme court's decision in **Conway**.

> Summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b), 42 Pa.C.S.A. When considering a motion for summary judgment, the trial court must examine the record in the light most favorable to the non-moving party, accept as true all well-pleaded facts in the non-moving party's pleadings, and give him the benefit of all reasonable inferences drawn therefrom. ***Dibble v. Security of America Life Ins.***, 404 Pa.Super. 205, 590 A.2d 352 (1991); ***Lower Lake Dock Co. v. Messinger Bearing Corp.***, 395 Pa.Super. 456, 577 A.2d 631 (1990). Summary judgment should be granted only in cases that are free and clear of doubt. ***Marks v. Tasman***, 527 Pa. 132, 589 A.2d 205 (1991). We will overturn a trial court's entry of summary judgment only if we find an error of law or clear abuse of discretion. ***Lower Lake Dock Co.***, ***supra***.

***DeWeese v. Anchor Hocking Consumer and Indus. Products Group***, 628 A.2d 421, 422-423 (Pa.Super. 1993).

In this case, the Barkers agreed to purchase the property from Jason and Olivia Holland ("the Hollands") "in its present condition," ***i.e.***, "as is." We agree with the trial court that the clause is clear and unambiguous. In ***PBS Coals, Inc. v. Burnham Coal Co.***, 558 A.2d 562 (Pa.Super. 1989), ***appeal denied***, 568 A.2d 1248 (Pa. 1989), this court examined a similar provision in the context of a transfer of real property interests:

> Here, the agreement contained a term which has common meaning; when something is accepted 'as is' the buyer is put on notice that there may be liabilities attendant to the purchase. The warranties which may otherwise be implied by law do not attach

> when the buyer agrees to accept the goods in the condition in which they are found.

*Id.* at 564. "The fact that the 'as is' clause was applied to a transfer of real property interests as opposed to the sale of goods is not a sufficient basis for permitting PBS to plead ignorance of the meaning of that term." *Id.* at 564-565.

Similarly, here, the Barkers agreed to buy the property "in its present condition" and acknowledged that they had either inspected the property or waived their right to do so. Therefore, the trial court did not err in concluding that the Barkers had agreed to release any and all parties responsible for defects on the property from future liability.

The Barkers argue that Dahlkemper was not an intended third-party beneficiary of the Agreement and/or that the Agreement merged into the deed and did not survive closing.[2] "In order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Kirschner v. K & L Gates LLP*, 46 A.3d 737, 762 (Pa.Super. 2012), *appeal denied*, 65 A.3d 414 (Pa. 2013), quoting *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992).

---

[2] Dahlkemper complains that these arguments were not preserved in the trial court. However, they were raised in the Barkers' motion for reconsideration. (Docket #39.8).

> In [**Guy v. Liederbach**, 459 A.2d 744 (Pa. 1983)], our Supreme Court established a "narrow class of third party beneficiaries." **Scarpitti**, 609 A.2d at 151. This narrow exception established a "restricted cause of action" for third party beneficiaries by adopting Section 302 of the Restatement (Second) of Contracts (1979). **Scarpitti**, 609 A.2d at 151. Section 302 involves a two-part test to determine whether one is a third party beneficiary to a contract, which requires that (1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. **Guy**, 459 A.2d at 751 (quotation marks omitted); accord **Burks v. Fed. Ins. Co.**, 883 A.2d 1086, 1088 (Pa.Super. 2005). Thus, even when the contract does not expressly state that the third party is intended to be a beneficiary, the party may still be a third party beneficiary under the foregoing test. **Burks**, 883 A.2d at 1088. "But **Guy** did not alter the requirement that in order for one to achieve third party beneficiary status, that party must show that both parties to the contract so intended, and that such intent was within the parties' contemplation at the time the contract was formed."
> **Id.**

**Id.**

Instantly, the Barkers agreed to waive inspection and purchase the property "in its present condition." This "as is" clause manifested the parties' intent that the Barkers release any parties responsible for latent defects in the property from liability, known or unknown. This would include the landscape architect responsible for designing and building the retaining

wall, *i.e.*, Dahlkemper.  As such, Dahlkemper was an intended third-party beneficiary.

Finally, the Barkers contend that Paragraph 28(B) of the Agreement merged into the deed upon sale and the parties did not intend that the release should survive settlement.

> The doctrine of merger provides that as a general rule an agreement of sale merges into the deed and no recovery may be had based upon an earlier agreement.  *Stoever v. Gowen*, 280 Pa. 424, 124 A. 684 (1924).  *Elderkin*[, *supra*].  The merger rule does not apply where the expressed intention of the parties is to the contrary.  *Carsek Corp. v. Stephen Schifter, Inc.*, 431 Pa. 550, 246 A.2d 365 (1968).  An agreement of sale is not merged as to matters not to be consummated by the deed issued pursuant to it and which are collateral to the deed.  *Rappaport v. Savitz*, 208 Pa.Super. 175, 220 A.2d 401 (1966).

*Valvano v. Galardi*, 526 A.2d 1216, 1220 n.2 (Pa.Super. 1987).

Obviously, in order for the "as is" provision to be effective, it would have to survive closing.  Furthermore, Dahlkemper was not a party to the Agreement, and the deed issued from the Hollands to the Barkers has no bearing on Dahlkemper's release of liability by the "as is" agreement.

For these reasons, the trial court did not err in granting summary judgment for Dahlkemper and dismissing the Barkers' negligence claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2014