354 P.2d 121

Herbert B. MAW, Wendell B. Hammond and George K. Fadel, Plaintiffs and Respondents,

v.

Brack Howard NOBLE and Ann C. Noble, his wife, Defendants and Appellants.

No. 9107.

Supreme Court of Utah.

July 14, 1960.

Cotro-Manes & Cotro-Manes, Salt Lake City, for appellants.

Herbert B. Maw, George B. Hammond, George K. Fadel, Bountiful, for respondents.

McDONOUGH, Justice.

This appeal challenges a determination that the interest on the damages awarded in a condemnation suit is a part of "amounts recovered" under an attorneys' contingent fee agreement.

Brack Howard Noble and his wife, Ann, were named defendants in a condemnation suit by the state to take land they owned lying in the path of proposed improvements to U. S. Highway 91 just north of Salt Lake City, near the Salt Lake-Davis County lines. After negotiations with the state upon appraisers' figures varying between

$57,000 · and $72,000 they refused to accept $80,000 from the state and retained plaintiffs, Herbert B. Maw and subsequently George Fadel and Wendell B. Hammond as attorneys to represent them, employing them under a contingent fee contract and agreeing, " * * * to pay said attorneys for services to be rendered in this matter as follows:

"(a) 15% of amounts recovered over $80,000.00 up to $90,000.00.

(b) 25% of amounts recovered over $90,000.00 up to $110,000.00.

(c) 30% of amounts recovered over $110,000.00 up to $120,000.00.

(d) 50% of any amount recovered over $120,000.00."

For the part of the property lying in Davis County a settlement was negotiated for $1,975. The condemnation proceeding as to the Salt Lake County portion was litigated through two trials and two appeals to this court resulting in a final decision that, "the evidence amply supports * * * a judgment of $140,000 with interest and costs." [1] Due to the protraction of this litigation the amount finally paid by the state included $29,521.07 in interest. The trial court added the three figures just given, making a total of $171,578.37, to which they applied the schedule of division contained in the agreement hereinabove set out. It awarded to plaintiffs 50% of all amounts over $120,000, resulting in a total fee of $35,289.18.

In assailing the above determination, the defendants contend that none of the $29,521.07 interest should be included in the recovery in which the plaintiff attorneys share. They urge that this is so since there is no express provision in the contract that the interest be included and that the contract, having been prepared by the plaintiff attorneys, is to be construed strictly against them in favor of the defendants. Their position is that the phrase "amounts recovered" refers only to the damages obtained for their property, and that as the owners they are entitled to the interest thereon from the time of taking as a matter of right.[2] Supplementing this the defendants assert that if the background circumstances are considered they negative any idea that they agreed that the attorneys should share in this $29,521.07 interest, which, if added to the amount recovered, falls within the bracket in which the attorneys get 50%. They point out that more than half of that interest is on the $80,000 which was offered them before they

1. State By and Through Road Comm. v. Noble, 8 Utah 2d 405, 410, 335 P.2d 831, 835.

2. State By and Through Road Comm. et al. v. Danielsen, 122 Utah 220, 247 P.2d 900.

hired the attorneys, and from which the attorneys are expressly excluded from participation.

In opposition to the above argument the plaintiffs maintain that the contract is unambiguous, clearly stating that they are to receive the listed percentages of the "amounts recovered," which means the whole amount collected, principal and interest. They are in accord with the defendants' argument that the interest is not determined until the value of the land is established and that it then relates back to the time of taking. But they turn this to their own advantage, urging that as a matter of law it is part of the judgment and therefore cannot properly be regarded as anything other than as part of the total "amounts recovered" in which the contract entitles them to share.

It may be a source of regret to the parties that the contract did not expressly state how the interest was to be handled. Not having done so, in adjusting the rights of the parties, it is necessary to resort to established rules relating to the interpretation of contracts. We are in agreement with the well-recognized rule urged by the defendants that where there is uncertainty or ambiguity the contract should be strictly construed against him who draws it. But it is to be kept in mind that this rule applies only where there is some genuine lack of certainty, and not to strained or merely fanciful or wishful interpretations that may be indulged in.[3] The primary and a more fundamental rule is that the contract must be looked at realistically in the light of the circumstances under which it was entered into, and if the intent of the parties can be ascertained with reasonable certainty it must be given effect.

At the time the agreement was entered into the defendants had been offered $80,000 as a settlement. It is obvious that the parties intended that the defendants were to have this $80,000 without any participation whatsoever by the attorneys. But as to amounts that might be recovered beyond the $80,000, the defendants agreed that in consideration of the services of the attorneys, that the latter share in the recovery to the extent of the percentages stated in the agreement and listed in the fore part of this opinion. As between the parties, this contract should be regarded as, in effect, an assignment to the attorneys of that portion of the money finally to be recovered represented by such percentages, just as though they had been assigned one-fourth, one-third or any other portion of the recovery. In transferring those por-

---

3. See Ephraim Theatre Company v. Hawk, 7 Utah 2d 163, 321 P.2d 221.

tions of the expected recovery to the plaintiffs, the defendants must be deemed to have intended the effect which would reasonably and naturally follow, that is, the interest on the portions so assigned. There is no suggestion of any concealment or deception about the matter. The agreement was entered into with full knowledge by the parties that interest would be paid on the value of the land from the time it was taken.

In accordance with the above discussion, it is our conclusion that the judgment should be corrected to allow the attorneys interest only on their portion of the amount awarded for the value of the land on the basis of the percentages set forth in the contract; and that similarly, the Nobles are entitled to the interest on the portion of that judgment they retained for themselves.

As to the advance of $3,500 which Nobles made to the plaintiff attorneys, they would not be entitled to interest after they received the money, but the Nobles are entitled to an offset of that amount of interest.

Reversed in part and remanded for correction of the judgment in conformity with this opinion. Costs to appellants.

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ.