516 P.2d 346

GENERAL APPLIANCE CORPORATION, a Utah corporation, Plaintiff and Appellant,

v.

HAW, INC., a Utah corporation, et al., Defendants and Respondents.

No. 13214.

Supreme Court of Utah.

Nov. 29, 1973.

Robert D. Merrill of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff and appellant.

J. Richard Bell, Salt Lake City, for defendants and respondents.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover the indebtedness incurred on an open account for goods purchased by Carpet Corner, Inc., a Utah corporation, on the theory that defendant, Haw, Inc., a Utah corporation, had assumed two thirds of this indebtedness, and the individual defendants had executed guarantees assuring payment thereof. Upon trial before the court, judgment was rendered against Haw, Inc. and defendants Alma Heaps and Jerry Wood. Upon motion, the trial court amended the findings of fact and conclusions of law and the judgment and dismissed with prejudice plaintiff's complaint against Heaps and Wood. Plaintiff appeals therefrom, seeking reinstatement of the original judgment decreeing the joint and several liability of Heaps and Wood with Haw, Inc.

Carpet Corner, Inc., purchased carpets on an open account from plaintiff during a period from August 1969 through February 1970. A substantial indebtedness accrued, and plaintiff filed a lawsuit to collect this delinquent account and refused to extend further credit. Three individuals, Alma Heaps, Steve Heaps, and Jerry Wood, were involved in the operation of Carpet Corner, Inc. Alma Heaps and Jerry Wood withdrew from this corporation and organized Haw, Inc. One of Carpet Corner's major customers was Utah Mobile Homes, and Haw, Inc. desired this account. Plaintiff carried the type of carpeting preferred by Utah Mobile Homes; so plaintiff and Haw, Inc. entered into negotiations to establish a basis upon which the parties could do business. Plaintiff's president

testified that he was interested in dealing with Haw, Inc. so long as there was no possibility of further indebtedness and there was some means provided to discharge the delinquent account of Carpet Corner.

The parties executed an agreement on May 11, 1970, in the form of a letter addressed to Haw, Incorporated. This agreement provided that plaintiff would furnish the carpet and pad to Utah Mobile Homes, and bill Utah directly including the installation charge. Plaintiff would pay Haw, Inc. twice monthly the labor costs at the rate of $1.10 per yard. The agreement specified that Haw, Inc. would be given a sales commission on each yard sold; the amount varied according to the pattern of the carpet. The letter further provided:

> Also when if agreed by you for us to hold this sales commission amount as payment by you on your ⅔ of the outstanding bill left owing by the Carpet Corner to General Appliance Corporation. This amount will be the remainder owing General Appliance Corporation after all means has [sic] been exhausted to collect from Carpet Corner the balance now owing and due.

This agreement specified the parties as Haw Incorporated and General Appliance Corporation and blanks were provided for the agent of each entity to sign. Alma A. Heaps and Jerry Wood executed the agreement for Haw, Inc. and Arthur H. Edwards, Sales Manager, Carpet Division, represented plaintiff.

Thereafter, in accordance with this agreement, Haw, Inc. was paid the installation fees, and $2,824.82 in sales commissions was credited to the indebtedness assumed by Haw, Inc.

On May 18, 1970, plaintiff sought and received two guaranties, one was executed by Jerry Wood and J. D. Wood, and the other by Alma Heaps and Evelyn Heaps. The guaranties contained a request that plaintiff sell and deliver to Haw goods, wares, and merchandise as they may select from time to time, and the guarantors promised to be responsible for the payment of the purchase price of such merchandise so sold or delivered. The guaranty further provided that it was to be continuing from the date of execution until plaintiff was given written notice to make no advances on the security of the guarantee.

On August 18, 1970, plaintiff on its standard, printed invoice form, set forth the amount it claimed constituted the two thirds of the indebtedness of the Carpet Corner, assumed by Haw, Inc. This document was signed by Jerry Wood and Al Heaps to signify their agreement as to the amount stated. Plaintiff included thereon the following handwritten notation:

> To bill you for ⅔ of current total indebtedness of Carpet Corner, Inc., as agreed in our letter of May 11, 1970.

Plaintiff's president testified that it was plaintiff's intention by this invoice to confirm the letter agreement and to specify the amount of indebtedness assumed.

On appeal, plaintiff urges the same argument, rejected by the trial court, that this invoice form treated the transaction as a "sale" so as to be consistent with the language in the guaranty. Since the "sale" was invoiced to Haw, Inc., in August of 1970, plaintiff claims that it was included within the guarantee of the individual defendants executed on May 18, 1970.

The guaranties were drawn by plaintiff, and if there were any uncertainty or ambiguity as to the meaning of the terms of the contract, it would be construed strictly against the framer.[1] However, the language of the guaranties reveals no ambiguity or uncertainty, and there is no justification for interpretation or explanation from extraneous sources. The intention as expressed within the four corners of the agreement is limited strictly to a prospective guaranty for the payment of any merchandise purchased by Haw, Inc. on and after the date of execution of the contract.[2] The guarantors did not manifest an intention to be responsible for any indebtedness assumed by Haw, Inc. prior to the execution of the guaranties;

any attempt to construe the contract as urged by plaintiff would be inconsistent with the very terms selected by plaintiff.

Initially the trial court ruled that Heaps and Wood were personally liable as evidenced by their signatures upon the letter agreement and invoice. The judgment was amended when the trial court's attention was directed to the testimony of plaintiff's president, wherein he stated that Heaps and Wood represented themselves as Haw, Inc. at the time the parties negotiated the agreement of May 11, 1970. Plaintiff contends that the trial court erred in amending the judgment and findings of fact.

The letter agreement was signed by Heaps and Wood as representatives of Haw, Inc. On the other hand, the signatures on the invoice did not reflect the representative capacity of the signators. However, the writing inserted by plaintiff on this printed form made reference to the letter agreement and by its terms was incorporated therein. The finding of the trial court was supported by the evidence that the invoice merely reflected an agreement of the parties as to the specific amount of the indebtedness assumed by Haw, Inc. in its agreement with plaintiff on May 11, 1970. Specifically, the invoice was simply an accounting, and the printed terms set forth did not and were not in-

1. Seal v. Tayco, 16 Utah 2d 323, 400 P.2d 503 (1965); Maw v. Noble, 10 Utah 2d 440, 354 P.2d 121 (1960).

2. See Ephraim Theatre Co. v. Hawks, 7 Utah 2d 163, 321 P.2d 221 (1958).

**242**

tended to apply to the transaction and were not binding on anyone.[3]

■ Plaintiff further urges that Haw, Inc., was the alter ego of Heaps and Wood and that they should be held personally liable for any indebtedness. This theory of recovery was not submitted to the trial court, and, therefore, in the interest of orderly procedure may not be considered on appeal.[4]

The judgment of the trial court is affirmed. Costs are awarded to defendants.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

3. See Holland v. Brown, 15 Utah 2d 422, 425, 394 P.2d 77 (1964) wherein this court stated that where there is a printed form of contract and other words are inserted in writing or otherwise, it is to be assumed that they take precedence over the printed matter.

4. Simpson v. General Motors Corporation, 24 Utah 2d 301, 470 P.2d 399 (1970).