# Jones *versus* Horner.

1. A parol authority may be executed by an instrument under seal, and on it assumpsit against the principal may be maintained.

2. A contract was made for the purchase of land, all payments made to be forfeited if there was delay beyond the times fixed for the other payments. The vendee gave his note for an extension of the time. *Held*, that under the circumstances he could not defend against the note on the ground of defect of title.

January 12th 1869. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 205, to January Term 1868.

This was an action of assumpsit, brought April 25th 1865, by William H. Horner against Edward R. Jones. The 1st count of the declaration was on a promissory note dated December 30th 1864, made by the defendant to the order of the plaintiff for $750 in sixty days after date. The 2d count was on a similar note made by the " defendant by his attorney in fact, James R. Booth." There were also the common counts.

The note is as follows :—

" $750.                    " Parkersburg, W. Va., Dec. 30th 1864.

" Sixty days after date for value received I agree to pay to W. H. Horner or order seven hundred and fifty dollars.

" Witness my hand and seal.

                              " EDWARD R. JONES. [SEAL.]
                    " By his attorney JAMES R. BOOTH."

On the trial before Sharswood, P. J., the plaintiff called J. R. Booth, who proved the note as being in his handwriting; he testified further that defendant employed him to settle a transaction in West Virginia for the purchase of oil leases under a contract previously made between plaintiff and defendant; witness had been out before, and, as attorney in fact for Jones, had given Horner a note for $500 as part of the consideration for extending the time of payment on land for ninety days; defendant at the expiration of the time was still unable to comply, and employed witness to go out and have a further extension arranged with plaintiff; defendant told witness to give plaintiff some amount which he did not recollect, but to make the best arrangement with him he could. After some negotiation with Horner, witness executed the note in suit and gave it to him; defendant never made objection to the witness having given the note; he complained because plaintiff charged so much; defendant did not instruct witness positively to give a note; witness said to plaintiff that he did not know whether he had authority to give this note; plaintiff said he had; that witness had done it before, and he would take the risk. Wit-

[Jones v. Horner.]

ness also testified that the agreement (*infra*) of October 24th 1864 was in defendant's handwriting, was given to witness by him to take to West Virginia, with a blank left for the consideration, which was filled in by plaintiff.

The plaintiff also gave in evidence a lease, dated February 5th 1861, from J. S. Tate to J. W. Horner, for land in West Virginia, for boring for oil, Horner to commence against the 1st of July then next, and prosecute the work, and pay Tate one-tenth of the proceeds, the lease to continue until it ceases to be profitable to raise oil, when Horner may surrender it, &c. Also an agreement, dated October 26th 1864, between plaintiff, attorney in fact for J. W. Horner, and the defendant, for the sale of the lease above mentioned, for $10,000, of which $1000 was to be paid cash, $500 in fifteen days, $3500 in thirty days, and the remainder in sixty days, with these stipulations: "The said lease to be valid and not subject to forfeiture, and Mr. Tate's title to the leased premises to be good and valid. The said payment of $1000 to be absolutely forfeited by said Jones in case the subsequent payments not being met by him punctually." Also an agreement, dated November 25th 1864, between the plaintiff and defendant, by which the times of payment were extended until the 31st of the next December, with a note of defendant appended, agreeing that all payments made by him should be forfeited if the postponed payments should not be made at maturity. Also the following letter :—

"Philadelphia, December 27th 1864.

" Wm. H. Horner, Esq.

" Dear Sir : Circumstances rendering it expedient that a further extension for about ninety days of the time of payment of the purchase-money falling due on our contracts should be had, I have deputed James R. Booth, Esq., to see you on my behalf, and arrange the matter with you for a reasonable bonus to be agreed on between you, and which he will hand you.

" I trust you will feel disposed to grant me this accommodation, and oblige          Very respectfully yours,

"E. R. JONES."

Also an agreement between Horner and Jones reciting the article of October 24th 1864, and proceeding as follows :—

" And whereas the said John W. Horner, attorney in fact aforesaid, at the request of the said Edward R. Jones, and in consideration of the sum of $1000 to him paid, by agreement dated the 25th day of November, A. D. 1864, extended the time for the payment of the said sums of three thousand five hundred dollars and five thousand dollars respectively to the 31st day of December instant.

" Now these presents witness that I, the said William H.

[Jones *v.* Horner.]

Horner, attorney in fact aforesaid, at the further request of the said Edward R. Jones, and in consideration of the sum of [*two thousand*] dollars this day paid to me, do hereby covenant and agree with the said Jones that the time for the payment of the said sum of three thousand five hundred dollars and five thousand dollars respectively shall be further extended and postponed to the 1st day of March, A. D. 1865, in lieu of the said 31st day of December instant. And I further agree that nothing herein contained shall be construed to invalidate the said first recited agreement, but that the same, subject to the alteration hereby made, shall be and remain in full force and virtue. Witness our hands and seals this [*thirtieth*] day of December, A. D. 1864.

"Attest,                              "WM. H. HORNER. [SEAL.]
    "JAS. R. BOOTH."          "EDW. R. JONES.  [SEAL.]"

The plaintiff then, under objection and exception by the defendant, gave the note in evidence.

The plaintiff having closed, the defendant gave much evidence for the purpose of showing a failure of title in the contract of October 24th 1864.

The court charged :—

"I reserve the question, Whether upon the papers given in evidence, the jury ought to be directed to find for the defendant, as showing that plaintiff has no title to recover on the note, and I instruct you that if you find that the defendant authorized Mr. Booth to give the note sued on, or if he subsequently ratified the giving of it by his agent, you will find a verdict for the plaintiff; and on the contrary, if you find that he did not authorize it, you will find for the defendant."

The jury found a verdict for the plaintiff for $750. Judgment was afterwards entered for the plaintiff on the points reserved by the court, Sharswood, P. J., delivering the opinion :—

"The point reserved in this case arises on this state of facts. The plaintiff and defendant had executed articles of agreement by which the plaintiff agreed to sell certain oil rights or leases in West Virginia, and the defendant agreed to make certain payments at certain times. As the time approached the defendant found that it would be inconvenient to meet the payments, and an agent was sent to arrange with the plaintiff for an extension of the time. He succeeded, plaintiff agreeing to extend the time in consideration of defendant's note for $750, which is the note now in suit. The defence set up is an alleged defect in plaintiff's title, and that depends on a very nice question of the *onus* of proof.

"We do not, however, deem it necessary to go into that question, as we are clearly of the opinion that this case falls within the

[Jones v. Horner.]

principle of Stroop v. Ransom, 10 Watts 297, and Roland v. Tiernan, 8 W. & S. 193. The consideration of this note was entirely collateral to the articles or principal agreement. The defendant stipulated simply for an extension; he received it and enjoyed it; and the note now sued on must be considered as a mere substitute for so much cash, the time of payment being postponed for the defendant's convenience. If the cash had been paid it could not have been recovered back on the final failure of the plaintiff to make a good title. The delay to sue, and the waiver of all right to forfeit previous payments, would of themselves be a sufficient consideration for the note. On a promise founded on a forbearance to sue, it is not necessary that the right to recover should be established. A colorable claim is all that is required. 'A compromise of a doubtful title,' says Chief Justice Gibson in Hoge v. Hoge, 1 Watts 216, 'when procured without such deceit as would vitiate any other contract, concludes the parties, though ignorant of the extent of their rights.' In O'Keson v. Barclay, 2 P. R. 531, the Supreme Court held that the compromise of an action of slander, in which the words laid in the declaration were not actionable, was a good consideration for a note for the payment of money."

The defendant took out a writ of error, and assigned for error—receiving the note in evidence, the charge of the court, and entering judgment on the point reserved.

*A. M. Burton*, for plaintiff in error.—The plaintiff was bound to ascertain the extent of Booth's authority, and the defendant was not bound beyond what he apparently authorized: Story's Agency, §§ 127, 133; Barnard v. Wheeler, 11 Shepley (24 Me.) 412; Gould v. The Norfolk Lead Co., 9 Cush. 338; Hampton v. Matthews, 2 Harris 105; Temple v. Pomroy, 4 Gray (Mass.) 128; White v. Langdon, 30 Vt. (1 Shaw) 599. The sealed instrument of October 24th 1864, being in blank, raised no presumption of authority to Booth: Hatch v. Searles, 3 Sm. & Giff. 152. The act of an agent exceeding his authority is void for the excess: Johnson v. Blasdale, 1 Sm. & Mar. 17; Hammond v. Whitehead, 33 Miss. (4 George) 213; Awde v. Dixon, 6 Exch. 869. The burthen to prove ratification is on the plaintiff: Hill v. Cooley, 10 Wright 261; Simpson v. Stackhouse, 9 Barr 186; Hays v. Lynn, 7 Watts 524; Reading Railroad v. Johnson, 7 W. & S. 317. The act of ratification must be something by which the party relying on it is misled: Doughaday v. Crowell, 2 Stockton (N. J.) 201. The acts of ratification must be with intention to supply the defects in the deficient authority: Decuir v. Lejeune, 15 La. An. 569; Harris v. Miner, 28 Ills. 135; Loomis v. Simpson, 13 Iowa 532; Robinson v. Chapline, 9 Id. 95; Moore v. Patterson, 4 Casey 505; Horton v. Towns, 6 Leigh's R. 47; Crocker v. Ap-

[*Jones v.* Horner.]

pleton, 25 Me. 131; Commonwealth Bank *v.* Warren, 15 N. Y. (1 Smith) 577. Positive fraud cannot be confirmed: Duncan *v.* McCullough, 4 S. & R. 487; Butler *v.* Haskell, 4 Desaus. 707. There should be affirmative evidence that the defendant agreed to pay: King *v.* Faber, 10 Harris 25. Want of knowledge of the defect in the title rebuts the presumption of ratification: McNair *v.* McLennan, 12 Harris 384; Railroad Co. *v.* Gazzam, 8 Casey 340; Taber *v.* Cannon, 8 Metc. 456; Webber *v.* Williams College, 23 Pick. 352; Stroop *v.* Ransom, 10 Watts 297; Christy *v.* Reynolds, 16 S. & R. 258; Roland *v.* Tiernan, 8 W. & S. 193; Wolbert *v.* Lucas, 10 Barr 73; Forster *v.* Gillam, 1 Harris 340. The note was entered into under a mistake of fact as to the title of plaintiff, and the money which was actually paid to plaintiff could be recovered back: Miles *v.* Stevens, 3 Barr 37; Thomas *v.* Brady 10 Id. 169; Chitty on Contracts 543, 545; Nicol *v.* Carr, 11 Casey 383; Miller's Appeal, 6 Id. 492. When two acts are to be done at the same time neither party can recover without showing performance on his part: 2 Greenleaf's Cruise 3, n.; Withers *v.* Baird, 7 Watts 229; Youngman *v.* Linn, 2 P. F. Smith 418; Brockenbrough *v.* Ward, 4 Randolph 352; Roach *v.* Dickinson, 9 Grat. (Va.) 154; Adams *v.* Williams, 2 W. & S. 227.

*J. M. Pile*, for defendant in error.

The opinion of the court was delivered, February 25th 1869, by AGNEW, J.—The 1st assignment of error was not urged, so far as it involved the question of the seal to the note, which the agent testified he executed and delivered under a parol authority. It is conceded by the counsel not to be tenable. The precise point has not been determined in this state, so far as I know, whether an *executory* contract under *seal*, made in pursuance of a parol authority, is sufficient to support an action against the principal. The nearest approach is to be found in Baum *v.* Dubois, 7 Wright 265. That was not the case of a direct action on the sealed instrument, but it was certainly held there the writing was the contract of the principal, and that the *seal* only was unauthorized. There are a number of cases, however, in which writings under seal, made under a parol authority, have been sustained as the execution of the authority: Dubois's Appeal, 2 Wright 231; Hennessey *v.* Western Bank, 6 W. & S. 310; Deckard *v.* Case, 5 Watts 22; Grier *v.* Hood, 1 Casey 433. See also 1 Am. Lead. Cas. (4th ed.) 605 to 612. A seal in this state has no solemnity of form, being made by the mere gyration of a pen, and often affixed by persons ignorant of its legal effect. Still it impresses qualities upon the instrument which an agent by parol cannot impart. An action of covenant to which the Statute of

[Jones v. Horner.]

Limitations interposes no bar, certainly cannot be maintained against the principal upon a writing thus sealed. But why may not assumpsit be maintained, disregarding the seal as a mere excess? There is no good reason why the principal should be wholly discharged because of the ignorant use of the seal. The tendency of modern decisions is this way, though in this case the concession of the counsel renders this decision unnecessary.

The authority of Mr. Booth to make the note for the defendant was fairly left to the jury and found by them, and we think there was sufficient evidence of authority and also of ratification to be submitted. If the finding was contrary to the weight of the evidence, and this it was the tendency of the argument before us to prove, the error could be corrected only upon a rule for a new trial.

The remaining question is, whether the writings in evidence were sufficient to show that the consideration of the note was one independent of the contract of purchase, or in part execution of its terms. The letter of Mr. Jones of December 27th 1864, expressly requests a *further extension* of the time of payment of the purchase-money, and authorizes Mr. Booth to arrange the matter for him for a reasonable bonus. The agreement of December 30th 1864, executed at the time of giving the note, expressly contracts to give a *further extension* of payments at the *further* request of Jones, and recites the former extension. The agreement and note of November 25th 1864, there referred to, are thereby made explanatory of the second arrangement. From all these papers not the slightest doubt exists that the $750 note in suit was given as a *bonus* for the further extension of the payments, which were to have been made under the contract of purchase by the 1st of January 1865. The parol evidence not contradicting the papers, but being in harmony with them, there was no error in holding in the court below, that on the face of the writings, on which the point was reserved, the note appeared to have been made in consideration of the extension of the time of payment at the instance of the defendant, and independently of the consideration of the purchase, and consequently the failure of the title alleged in defence of the purchase-contract was no defence to the note. It is too late, after obtaining an extension of time for a new consideration, and enjoying its benefits, to turn back to find a refuge under the defect of the original contract. The parties cannot, after the extension, be placed in *statu quo*, and it is impossible to say now what injury on one side, and what advantage on the other, might have ensued had the extension not been given.

　　　　　　　　　　　　　　　Judgment affirmed.