## Dick et ux., to use, *v.* McWilliams, Appellant.

*Contract—Agreement to sell real estate—Merger of agreement and deed—Intention of parties—Presumption, overcoming—Agreement postdated—Evidence—Extension of contract.*

1. Merger is a matter of intention of the parties and may be shown by their declarations, acts or conduct at the time of the execution of the agreement or from the terms of the writing itself.

2. If the agreement is one for the sale of lands, it will be presumed, in the absence of an intent to the contrary that the contract of purchase is merged in the deed; yet such rule does not apply where the plain intention of the parties is that a covenant in the contract should not be merged in the deed.

3. A written agreement for the sale of real estate will not be deemed to have been merged in a deed, bond and mortgage given at the time, where the parties clearly indicate their intention that the agreement should not merge by dating the agreement subsequent to the date of the deed, bond and mortgage.

*Principal and agent—Authority of agent—Ratification.*

4. A principal cannot deny the authority of an agent to act for him, where he proceeds to carry out the agreement in part.

5. Nor can a principal deny the authority of his agent because such authority was not given under seal, where the agreement

made by the agent, although connected with real estate, was not of such a character as required a seal to make it valid.

6. If a principal in a contract repudiates the authority of his agent to enter into an agreement to extend a contract, he will be bound by the original contract which will remain in full force.

Argued October 3, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 112, March T., 1927, by defendant, from order of C. P. Butler Co., June T., 1927, No. 14, execution docket, discharging rule to set aside execution, in case of Lizzie M. Dick and J. Homer Dick, now to use of Farmers National Bank, v. David H. McWilliams. Affirmed.

Rule to set aside execution. Before HENNINGER, P. J. The opinion of the Supreme Court states the facts. Rule discharged. Defendant appealed.

*Error assigned* was order, quoting record.

*Clyde Gibson,* with him *William B. Purvis,* for appellant.—Where parties without fraud or mistake have deliberately put their engagements in writing, it is not only the best but the only evidence of their agreement: Gianni v. Russell & Co., 281 Pa. 320; Lowry v. Roy, 238 Pa. 9; Murphy v. Pinney, 86 Pa. Superior Ct. 458; Titus v. Coal Co., 263 Pa. 24; Stoever v. Gowen, 280 Pa. 424; Dobkin v. Landsberg, 273 Pa. 174; Crotzer v. Russell, 9 S. & R. 78; Buchanan v. Dawson, 34 Pa. Superior Ct. 400.

*Zeno F. Henninger,* for appellee.—Merger is a question of intention and may be shown by declarations, acts and conduct of the parties at the time of the execution of the agreement, or at any time thereafter, or may be gathered from the terms of the agreement itself, the requirement being that the intention must be clear and manifest: Moats v. Thompson, 283 Pa. 313; Dobkin v.

Landsberg, 273 Pa. 174; Continental Trust Co. v. Devlin, 209 Pa. 380; Bryars's App., 111 Pa. 81; Duncan v. Drury, 9 Pa. 332; Carrow v. Headley, 155 Pa. 96; Pennock v. Eagles, 102 Pa. 290; Danhouse's Est., 130 Pa. 256.

OPINION BY MR. JUSTICE FRAZER, November 28, 1927:

On December 21, 1926, plaintiffs, being owners of land upon which a hotel building was partly erected, agreed in writing to convey the property to defendant for the sum of $54,000 payable $5,000 on or before December 20, 1927, $15,000 on December 20, 1928, and the remainder on December 20, 1929. As further consideration defendant also agreed in writing to begin the work of completing the building on or before January 3, 1927, and finish the same by August first of that year, and also that in event he failed to begin work on the date mentioned the first payment of $5,000 should be forthwith due and payable. Payment of the purchase-money to be secured by the execution of a bond and mortgage "the terms of said mortgage to be in accordance with the provisions" of the agreement above referred to.

Pursuant to previous arrangement, a deed, bond and mortgage had been prepared and the parties met December 20, 1926, for the purpose of executing and delivering all papers, including the agreement above mentioned. At that meeting a discussion arose between the attorneys for the respective parties concerning the wording of the agreement, there being a suggestion that it might be construed as merging in the deed, bond and mortgage. To avoid this result the parties decided to date the agreement December 21st and the deed, bond and mortgage one day earlier, so that the agreement itself in fact bore date one day later than the date of the other papers. This arrangement being satisfactory to all parties, the papers were duly signed and delivered. The bond itself was drawn in the usual form, conditioned for payment of the principal sum of $54,000 in install-

ments as mentioned in the agreement, but contained no reference to the additional instrument executed by defendant, providing for commencement and completion of the building. It contained a clause, however, setting forth that in case of default in payment of any installment for a period of thirty days the whole debt should thereupon become due and payable.

Defendant failed to begin work on the building as provided by the agreement, and, on February 9, 1927, plaintiff entered the bond of record, filing affidavits to the effect that defendant did not begin work on or before January 3, 1927, as set forth in the written agreement, which was attached to the affidavit, and had defaulted in various other respects, and that the first payment of $5,000 had, by reason of the default, become due and payable January 3, 1927, which default had continued for more than thirty days thereafter, wherefore the whole debt had become due and payable. A fi. fa. was issued on the judgment and the premises duly advertised for sale. To prevent such sale, defendant, through his son, acting as his agent, entered into another written agreement with plaintiff, dated February 18, 1927, whereby the sheriff's sale was postponed to June 15, 1927, and defendant given until that time to complete the work on the building and make final payment of the debt. Defendant carried out this agreement in part by placing mechanics on the work for a time, but later work ceased entirely and the building remained unfinished. Plaintiff again proceeded to issue a new writ and advertise the property for sale, whereupon defendant presented a petition to the court to set aside the execution and vacate the writ, claiming the agreement signed by the parties dated December 21, 1926, merged in the deed, bond and mortgage, that defendant's failure to comply with the terms of such agreement was no excuse for entering judgment on the bond, and that the supplemental agreement of February 16, 1927, for an extension of

time, was not binding on defendant because under seal and made by an agent without proper authority.

Merger is a matter of intention of the parties and may be, shown by their declarations, acts or conduct at the time of execution of the agreement in question or from the terms of the writing itself: Carrow v. Headley, 155 Pa. 96, 97; Moats v. Thompson, 283 Pa. 313, 321, and cases cited. While the general rule undoubtedly is that if the agreement is one for sale of lands, it will be presumed, in absence of an intent to the contrary, the contract of purchase is merged in the deed (Dobkin v. Landsberg, 273 Pa. 174, 182, 186); yet such rule does not apply where the plain intention of the parties is that a covenant in the contract should not be merged in the deed: Dobkin v. Landsberg, supra, page 186; Harbold v. Kuster, 44 Pa. 392, 394. In the latter case an agreement for the reservation of crops growing on land conveyed was enforced though not mentioned in the deed, the court holding that, while the agreement to sell was merged in the deed, it was not merged as to that "which was not to be consummated by the deed, and which was of an entirely different nature and collateral to it." Likewise in the present case, the agreement to complete the building was of a different nature and collateral to the agreement to sell. If the intention of the parties in the present case, as indicated by their acts and declarations at the time of executing the agreement, is to govern, then there can be no doubt they contemplated keeping the written agreement in force. The matter was discussed among them and the very purpose of changing the date of the writing to one day later than the date of the deed and bond and mortgage was to void possibility of construing the agreement as having been merged. Furthermore the agreement contained reference to an important part of the consideration for the execution of the conveyance which was omitted entirely in the latter paper and also in the bond and mortgage. The cases cited by defendant holding that preliminary negotia-

tions and agreements are merged in a subsequent writing have no application in the present case inasmuch as the parties indicated by their unequivocal acts that a merger was not intended, and that the agreement should remain in force. A clearer case of an express intention that the agreement should not merge in the bond and mortgage than this case presents, would be difficult to discover.

Defendant claims he is not bound by the act of his agent in making the extension agreement of February 16, 1927, because that paper itself is under seal while the authority of the agent was parol only. The agent in question was defendant's son, who had full authority, according to defendant's own testimony, to act for him. Defendant also ratified the agreement by proceeding to carry out its provisions in part, and, accordingly, must be presumed to have accepted whatever the incidental benefits were. Moreover, the extension agreement itself, though under seal, was not an instrument requiring an affix of that character to insure its validity, consequently the seal may be treated as surplusage, and the agreement sustained as one within the power of the agent acting without sealed authority: Baum v. Du-Bois, 43 Pa. 260; Jones v. Horner, 60 Pa. 214. The extension settlement made by the agent merely prolongs the time for performance of the obligation signed by defendant and if the latter repudiates such extension, the original terms of his contract must remain in full force. Under the circumstances, defendant is in no position to question the action taken by his agent.

The judgment is affirmed.