## Rappaport, Appellant, *v.* Savitz.

Argued March 23, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Arnold H. Rosenberg,* with him *Jerome M. Charen,* for appellant.

*Arthur Packel,* with him *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY HOFFMAN, J., June 17, 1966:

This is an appeal from an order sustaining preliminary objections to appellant's amended complaint in assumpsit.

The complaint contains the following allegations: Appellant, Lawrence C. Rappaport entered into a written agreement to buy real estate in Lower Merion Township from appellee, Sylvia Savitz, on September 17, 1964. When the agreement was executed there was a small crack in the arch of the enclosed stone porch entrance. Prior to settlement appellee remained in possession of the premises. After execution of the agreement but before settlement appellant requested appellee's permission to enter upon the premises to make necessary repairs to the cracked arch and thus prevent further damage. Appellee refused to give such permission and took no action herself to prevent further damage. The crack deepened and caused the entire porch to collapse prior to the date of settlement. At the time of settlement and prior to delivery of the deed appellant demanded from appellee the sum of $1400 which was the amount necessary to rebuild the porch. This demand was refused by appellee. Appellant then advised appellee that he would accept the deed but was not abandoning any claim against appellee arising from appellee's breach of her obligations as a vendor of real estate in possession. Appellee completed settlement and delivered the deed to appellant.

Appellee filed preliminary objections in the nature of a demurrer alleging that the doctrine of merger compelled dismissal of the complaint. The court below dismissed the complaint holding that appellant was precluded by the merger doctrine from asserting his rights.

The general rule is that the purchaser must bear any loss occasioned to the property occurring after execution of the contract and before delivery of the deed. *Spratt v. Greenfield,* 279 Pa. 437, 124 A. 126 (1924). This rule, however, has a necessary exception where damage results from the fault of the vendor. If the vendor retains possession, an obligation to maintain the premises in a reasonable manner is implied in the absence of a stipulation to the contrary. *Frank v. Forshee,* 65 Montg. Co. L. R. 129 (1949). "The purchaser has the right to require husbandlike conduct of the vendor in possession. . ." 7 Williston, Contracts, §936, pp. 912-13 (3d ed. 1963). "[I]f the vendor in possession is negligent, and owing to his negligence the property is injured or destroyed, as a matter of law, the loss is his on any view. . . ." 7 Williston, supra, §942, p. 959. "It is the duty of the owner of land who enters into a contract to convey the same upon certain conditions to resort to such means as might reasonably be expected would be used by a person of ordinary prudence to protect the property in order that he may comply with the requirements of the contract on his part." 55 Am. Jur. §390, p. 812. This exception is supported by various considerations: "As a practical matter, it would seem reasonable to suppose that the bargain of the parties was for the land as it was at the time of contract, and not as it is after deterioration through lack of care. To place the purchaser in a position where he cannot recover damages for neglect of the premises and still cannot get possession to prevent it because the time for performance has not yet arrived, would seem to limit unduly his equitable ownership. . . Where the waste is attributable to the negligence or willful conduct of the vendor, any principles as to the incidence of loss occurring without the fault of either party would not seem controlling." Notes, The Vendor's Liability for Permissive Waste, 48 Harv. L. Rev. 821, 824-825 (1935).

In the present case the seller retained possession of the premises, and the purchaser allegedly sought permission to make necessary repairs to prevent serious damage. The seller not only refused to grant such permission but refused to take any action herself. Under such circumstances if proper evidence is produced in support of appellant's allegations, a tenable claim would exist for breach of appellee's implied obligation to care for the premises in a reasonable manner, and appellant would be entitled to compensation for damages flowing from such breach.

Under §413 of the Restatement, Contracts (1932), cited by the Supreme Court in *Namy v. Black*, 367 Pa. 523, 80 A. 2d 744 (1951), such a claim is not precluded by the merger doctrine. While §413 sets forth the general rule that, "the acceptance of a deed of conveyance of land from one who has previously contracted to sell it discharges the contractual duties of the seller," it declares in comment c that, "the rule stated in the Section does not cover duties to make compensation," and that, "in order to effect a discharge of such a duty, the case must be brought within the rule stated in §411."

Section 411 provides that, "the duty of a party to a contract to make compensation where he has committed a breach . . . is itself discharged if the injured party, knowing or having reason to know the facts, manifests assent to discharge the duty on accepting subsequently from the wrongdoer some performance under the contract."

Comment a of §411 expressly provides that, "mere acceptance of performance . . . without more is not a manifestation of assent to discharge a duty to make compensation." Assuming that appellee committed a breach of contract, her duty to compensate appellant was not discharged by the mere acceptance of the deed. Not only was there an absence of any manifestation of

assent, but there was also an express statement by appellant that he would accept the deed and would thereafter enforce the terms of the agreement of sale and the obligations of appellee as vendor of the real estate. We conclude, therefore, that appellant's claim is not barred by merger.

Furthermore, it has been held that an agreement is not merged as to that which is not to be consummated by the deed, and which is of an entirely different nature and collateral to it. *Dick v. McWilliams*, 291 Pa. 165, 139 A. 745 (1927). In *Raab v. Beatty*, 96 Pa. Superior Ct. 574, 576 (1929), we said: "We concede that the general rule is that a deed includes all prior negotiations and agreements leading up to the execution of the deed. . . This principle does not apply, however, to matters not consummated by the delivery of the deed. The conveyance of the land was but part performance of the undertaking. The construction of the house was an important provision in the contract, but of an entirely different nature to and distinct from the covenant to sell the land."

In the present case appellant alleges that appellee has failed to use the due care required in the circumstances and has not lived up to her obligation as a vendor of real estate in possession. This obligation is of an entirely different nature from the covenant to sell the property. The alleged failure of appellee to use due care does not involve a matter which is ordinarily the subject matter of a deed, or which is consummated by the deed.[1] We hold, therefore, that the court below

---

[1] "From this it may be stated as a general rule that where the antecedent contract contains provisions imposing obligations upon the vendor other than those relating to title or possession, and so far collateral thereto as to indicate that their omission from the deed was without any deliberate intent to preclude their survival of that instrument, such collateral provisions will be held to survive the deed." 38 A.L.R. 2d 1321.

erred in concluding on the basis of the pleadings that appellant's rights were extinguished as a matter of law by merger.

Order reversed and case remanded for further proceedings.