## Kline v. Johnson

*H. William Koch*, for plaintiffs.
*R. Michael Kaar*, for defendants.

MOSER, *J.*, July 14, 1975—In the complaint filed by Ira R. Kline and Doris M. Kline, his wife (plaintiffs), against Kenneth M. Johnson and Julia E. Johnson, his wife (defendants), in this assumpsit action, plaintiffs claim $879.83 as the replacement cost of the septic tank system on their property in West Chillisquaque Township in this county. In their complaint, plaintiffs allege that, prior to the purchase of the real property by plaintiffs from defendants on May 30, 1974, defendants expressly warranted the septic tank system to be in good condition, and also impliedly warranted the property, including the septic tank system, to be in good operating condition and fit for the purpose for which it was intended, but that shortly thereafter plaintiffs found the septic tank system to be rusted out and wholly useless.

Defendants filed a preliminary objection to plaintiffs' complaint in the nature of a motion to strike,

based on the stated reason: "1. The averments of paragraphs numbered 1 through 15 inclusive, fail to state a cause of action recognizable in law and, therefore, fail to conform to law or rule of court." The attorneys for the parties appeared before the court on June 2, 1975, and presented written briefs and oral arguments on the legal questions raised by the preliminary objection to be disposed of in this opinion.

Initially, our own examination of the form and content of the preliminary objection filed in this proceeding raises some doubt as to its legal effect. It must be considered that Pa. R.C.P. 1017(b)(2) limits a motion to strike to "lack of conformity to law or rule of court" with respect to the complaint, or "scandalous or impertinent matter" appearing therein: 1 Goodrich-Amram, §1017(b)(8). It must also be kept in mind that Rule 1028(a) requires preliminary objections to state specifically the grounds relied upon, whereas the motion in question merely states that the averments of the complaint "fail to state a cause of action recognizable in law," without further setting forth the reasons or grounds relied upon by defendants.

Failure of the preliminary objections to conform to the requirements of Pa. R.C.P. 1017(b)(2) and 1028(a) could result in the dismissal of the preliminary objections: Brennan v. Smith, 6 Pa. Commonwealth Ct. 342; Oas v. Commonwealth, 8 Pa. Commonwealth Ct. 118. Also, plaintiffs' objections to the preliminary objections filed by defendants should also be raised by an appropriate pleading in the form of a preliminary objection: 1 Goodrich-Amram, §1017(b)(5); Casner v. Norwalk Truck Lines, Inc., 42 D. & C. 2d 666; Dooley v. Pa. R.R. Co., 64 D. & C. 110, 20 Northumb. L.J. 156 (1948).

Council, at argument, agreed that the court should consider defendants' preliminary objection as being in the nature of a demurrer rather than a motion to strike. However, whether the preliminary objection is in the nature of "motion to strike" or "demurrer," Pa. R.C.P. 1028(a) would require that the grounds therefor be set forth as a part of the preliminary objection or be subject to an attack for failure to conform to that rule. In similar circumstances, several courts have considered the issues discussed in the written briefs or at oral argument notwithstanding the failure to set forth the "grounds" in the pleadings: Wolfson v. Gicas, 88 D. & C. 145; Thomas v. Osborn, 38 D. & C. 2d 431. In view of the action of counsel in waiving formal defects, we have determined to consider the substantive legal questions discussed by the attorneys in their oral and written arguments.

Plaintiffs aver in their complaint that defendants expressly warranted to plaintiffs that the septic tank system was in good condition but that plaintiffs found it to be rusted out and wholly useless. Defendants argue that the doctrine of merger by deed prevents plaintiffs from relying on any prior oral representation not included in the deed. The general rule on merger by deed is that preliminary agreements and understandings relating to the sale of land become merged in the deed. This rule has no application to independent covenants or provisions in an agreement of sale not intended by the parties to be incorporated in the deed: Caveny v. Curtis, 257 Pa. 575; Dick v. McWilliams, 291 Pa. 165; Rappaport v. Savitz, 208 Pa. Superior Ct. 175. In the recent case of Carsek Corp. v. Stephen Schifter, Inc., 431 Pa. 550, the court said (at pp. 558):

"Merger is said to be the rule, except when the

intention of the parties is otherwise, or where the stipulations in the contract sought to be enforced are collateral to the functions performed by the deed. . . . 'A covenant has been said to be collateral, and therefore one which survives delivery of the deed, if it bears no relation to title, possession, quantity or emblements of the transferred property:' Friedman, Contracts and Conveyances of Real Property, 411-412 (1963)." See also Elderkin v. Gaster, 447 Pa. 118, 124, footnote 11.

The general rule in Pennsylvania seems clear that warranties not intended to be merged in the deed, or warranties collateral to the functions performed by the deed, are outside the doctrine of merger by deed. A warranty of the septic tank system is not a warranty of "title, possession, quantity or emblements." Moreover, collateral agreements do not give rise to any inference that the parties intended merger. Our conclusion is that the doctrine of merger does not prohibit plaintiffs from relying on an alleged oral warranty by defendants to plaintiffs that the septic tank system was in good condition.

Plaintiffs aver in their complaint that defendants impliedly warranted to plaintiffs that the septic tank system was in good operating condition and fit for the purpose for which it was intended. Defendants argue that such implied warranties have been enforced only in cases dealing with the sale of new homes by the builder-vendor.

In Elderkin v. Gaster, supra, the court (at p. 128) applied the rule that: ". . . the builder-vendor impliedly warrants that the home he has built and is selling is constructed in a reasonable workmanlike manner and that it is fit for the purpose intended—inhabitation." In cases not involving the sale of

new homes by the builder-vendor, the long-existing rule of caveat emptor applies.

Plaintiffs recognize the Elderkin rule and its application to only builder-vendor cases in the past but indicate that the rule should be expanded to the present situation. However, no precedent or rationale in Elderkin supports extension to other real estate transactions. At least two county courts have declined to extend the Elderkin rule beyond its present narrow ruling: Irwin v. Dorman, 63 D. & C. 2d 118; Henry v. Babecki, 65 D. & C. 2d 4.

## ORDER

And now, July 14, 1975, the preliminary objection filed by defendants is hereby overruled and dismissed. Defendants shall have the right to plead over within 20 days from the date of this order.

Let an exception be noted for defendants.