## Wolson v. Delaware County Tax Claim Bureau

*James H. Gorbey*, for petitioners.
*William J. Reese*, for respondent.

PRESCOTT, *J.*, February 2, 1979—The matter before this court for consideration is a petition filed by A. W. Wolson and Martin Wolson, wherein said petitioners seek to have all real estate taxes levied upon 623 Sproul Street, Chester, Pa., up to November 14, 1977, marked "satisfied."

The issue raised by the aforesaid petition is whether or not the agreement of sale respecting the subject premises is superseded by a deed which contains terms which are contradictory and broader than the terms contained in the agreement of sale.

On or about January 3, 1977, petitioners and respondent, County of Delaware Tax Claim Bureau, entered into an agreement of sale by the terms of which petitioners were to purchase the subject

premises for the sum of $100 in lieu of unpaid taxes which had accrued from 1969 through 1975 inclusive. On or about January 13, 1977, the Chester-Upland School District filed a petition to disapprove the aforesaid sale pursuant to the Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, Art. IV, as amended, 72 P.S. §5860.613. A hearing was scheduled for March 7, 1977, for the purpose of hearing testimony with respect to the school district's petition to disapprove the sale. Prior to said hearing, petitioners raised their offer from $100 to $400, and as a result, the school district withdrew its petition to disapprove. The agreement of sale was modified to reflect the new selling price. On November 14, 1977, respondent issued a deed for the subject premises. The deed made no reference to the terms of the agreement of sale whereunder the subject premises was to be sold to petitioners for unpaid taxes up to and including the year 1975. The language in the deed provided that the premises were sold to petitioners "under authority of the said Real Estate Tax Sale Law, as amended, specifically, but not limited to, Sections 613, 614, 615 and 702(h) thereof."

Section 615 of the Real Estate Tax Sale Law, 72 P.S. §5860.615, provides as follows:

"When the price for the private sale of any said property has been finally approved or confirmed, as hereinbefore provided, the bureau shall upon payment over of the purchase price less the option money, if any, make to the purchaser, his or their heirs or assigns, a deed in fee simple for the property sold. Each such deed shall be in the name of the bureau, as trustee grantor and shall be executed and duly acknowledged before the prothonotary by the director. Such deed *shall* convey title to the

purchaser *free, clear and discharged of all tax claims and tax judgments, whether or not returned, filed or entered,* as provided by this or any other act." (Emphasis supplied.)

It is not disputed that on the date of the deed, November 14, 1977, the delinquent real estate taxes for the year 1976 had been returned or filed with respondent in May, 1977, and that the delinquent real estate taxes for 1977 had not yet been filed with respondent.

Petitioners contend that in light of section 615, supra, all real estate taxes due up to November 14, 1977, were extinguished, notwithstanding the terms of the agreement of sale to the contrary, and that petitioners are not responsible for the payment of any real estate tax levied prior to November 14, 1977.

Respondent contends that it could not extinguish the 1977 taxes since said taxes would not be returned delinquent until May, 1978. With respect to the 1976 and 1977 taxes, respondent contends that the agreement of sale governs the instant transaction and that said agreement of sale speaks only to taxes accrued through 1975, as a consideration for the subject sale.

The question presented in this case appears to be a novel one as no reported case has been found which squarely deals with the issue at hand.

It has been held that an agreement is not merged "as to that 'which was not to be consummated by the deed, and which was of an entirely different nature and collateral to it.'" Dick v. McWilliams, 291 Pa. 165, 139 Atl. 745 (1927). In Rabb v. Beatty, 96 Pa. Superior Ct. 574, 576 (1929), we said: "We concede that the general rule is that a deed includes all prior negotiations and agreements leading up to

the execution of the deed . . . This principle does not apply, however, to matters not consummated by the delivery of the deed." See also Elderkin v. Gaster, 447 Pa. 118, 288 A. 2d 771 (1972); Rappaport v. Savitz, 208 Pa. Superior Ct. 175, 179, 220 A. 2d 401 (1966). A footnote in the case of Rappaport v. Savitz, supra, cites 38 A.L.R. 2d 1321, as follows:

"From this it may be stated as a general rule that where the antecedent contract contains provisions imposing obligations upon the vendor other than those relating to title or possession, and so far collateral thereto as to indicate that their omission from the deed was without any deliberate intent to preclude their survival of that instrument, such collateral provisions will be held to survive the deed."

In the instant case we feel the foregoing principle is applicable to both vendor and vendees in the issue here raised.

Admittedly none of the foregoing cases dealt with a tax sale such as here being considered. Nevertheless, as Justice Eagen stated in a concurring opinion in Elderkin, supra, at 130-131: "It was once well said that 'law is the application of reason to human relations.' This being so, then *good law* must be the application of *right* reason to human relations." We find nothing in the tax law that forces us to ignore general principles of well-reasoned exceptions to the general rule of merger. As far back as the year 1863, in Harbold v. Kuster, 44 Pa. 392, 394, there was an agreement for the reservation of crops growing on land conveyed which was enforced though not mentioned in the deed. Therein, the court set forth language similar to that contained in Elderkin, supra, in 1972: "[T]he agreement for the sale of

the land was merged in the deed consummating that sale; but was not merged in regard to that which was not to be consummated by deed, and which was of an entirely different nature, and collateral to it."

Applying the foregoing principles, we hold that the subject transaction did not contemplate the extinguishment of all taxes. To the contrary, petitioners agreed to an extinguishment of taxes up to and including the year 1975, and having received the full fruits of their bargain, we think petitioners are estopped from advancing their theory of merger.

Furthermore, the tax sale before this court is the creation of a unique legislative enactment which was designed to reflect a public policy against continued accruals of delinquent taxes. To now hold that a greater amount of delinquent taxes is to be extinguished than originally agreed upon vitiates not only the intent of the parties hereto, but would seem contrary to said public policy.

There is another aspect of public policy that enters into the issue before us. That is, what consideration should this court give to collateral rights of taxing authorities where the subject land is situate. In the case at hand, as heretofore stated, petitioners originally offered the sum of $100 for the subject premises. Pursuant to the authority set forth in 72 P.S. §5860.613, a different section of the same act upon which petitioners rely, the Chester-Upland School District petitioned this court to disapprove the sale on the basis that the sale price was not sufficient. After petitioners increased their offer to $400, the said school district withdrew its petition. Permeating this transaction was the fact that the agreement of sale provided only for the extin-

guishment of taxes through the year 1975. To now hold that taxes due for the years 1976 and 1977 are also extinguished by the deed in question under section 615 of the Real Estate Tax Sale Law, supra, would undermine the rights of the local taxing authority under section 613 of said act, which in turn would contravene public policy.

Had there been no agreement between the parties of the kind presently before this court, we might have reached a different result. Although respondent could have incorporated the terms of the agreement of sale in the deed, a practice which should be adopted in the future, this court is of the opinion that the petition be dismissed, and does so by order bearing even date herewith.

## ORDER

And now, February 2, 1979, after consideration of briefs submitted by respective counsel, it is hereby ordered and decreed that prayer of the petition is denied and the petition is hereby dismissed.