J-S08032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| OGONTZ PLAZA PARTNERS, LP, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAINES EASTBURN STENTON | : | No. 1182 EDA 2018 |
| CORPORATION | : | |

Appeal from the Order Entered March 20, 2018,
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): January Term, 2017 No. 01266

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 17, 2019**

Plaintiff/Appellant, Ogontz Plaza Partners, LP, appeals from the order of the Court of Common Pleas of Philadelphia County—Commerce Program, sustaining Defendant/Appellee's preliminary objections and dismissing Appellant's complaint with prejudice. We affirm.

The trial court sets forth the pertinent facts and procedural history as follows:

> This dispute follows sale and assignment of commercial property in the West Oak Lane neighborhood of Philadelphia. The property in litigation is Suite D at 7175 Ogontz Avenue. A portion of the building has been sold by [Defendant/Appellee] Haines Eastburn Stenton Corporation ("HESC") to non-party buyer City View Commercial, LLC ("CityView"), which then, before closing, assigned all its ownership interests in the transaction to [Assignee/Plaintiff/Appellant] Ogontz Plaza Partners, LP ("Ogontz").

---

\* Former Justice specially assigned to the Superior Court.

Ogontz claims HESC breached its agreement of sale with CityView and argues this breach prejudices Ogontz as CityView's assignee.

Ogontz claims in particular that Suite D at 7175 Ogontz Avenue was included in a commercial Rent Roll incorporated in the original agreement of sale but not included in the final deed.

Ogontz also claims HESC breached the agreement of sale by failing to keep a common area inside 7175 Ogontz in good order and repair.

*** 

## STATEMENT OF FACTS

[Seller/Defendant/Appellee] HESC and [nonparty] buyer CityView signed an Agreement for the Purchase and Sale of Real Estate ("Agreement") on an unknown date.[] Though [Assignee/Plaintiff/Appellant] Ogontz was not a party to the Agreement, Ogontz avers it acquired Suite D at 7175 Ogontz Avenue and other properties at a closing on January 12, 2016.[3] A deed transferring the property from HESC to Ogontz is predated December 28, 2015, but the deed does not mention Suite D.

---

[3] See Amended Complaint.  No averment is made on the date of the Agreement and the copy of the Agreement attached as Exhibit B to the Amended Complaint also fails to include a date, other than one associated with the signature of an agent of HESC on October 9, 2015.

---

The Agreement lists the following properties:  (1) 7101-63 Ogontz Avenue and (2) "Units C-3 and C-4 of that condominium located at 7169-7171, 7175 Ogontz Avenue."[]  The commercial Rent Roll attached to the Amended Complaint at Exhibit "14(j)" [*sic*] mentions Suite D 7175 Ogontz as [a] unit with a tenant whose lease expired on April 1, 2017.

## PROCEDURAL

[Assignee/Plaintiff/Appellant] Ogontz commenced suit on January 10, 2017 by praecipe to issue writ of summons.  Ogontz then filed

> a complaint on June 1, 2017 and an amended complaint on July 17, 2017. [Defendant/Appellee] HESC filed preliminary objections on August 22, 2017. Despite [the court granting] four stipulations giving Ogontz extensions of time to answer [Defendant/Appellee's] preliminary objections, [Plaintiff/Appellant Ogontz] never responded.

> ***

> At preliminary objection, [the trial court] sustained and dismissed with prejudice because Ogontz's amended complaint was fatally vague. Deciphering Ogontz's two breach of contract counts was not helped by its repeated failure to respond to HESC's preliminary objections.[]

Trial Court Opinion, filed 9/6/18, at 1-3.

Plaintiff/Appellant Ogontz filed a Motion to Reconsider asserting that the court's order was premature in light of ongoing discussions between Ogontz's replacement counsel and HESC's counsel aimed at "identify[ing] more specifically the nature of the dispute and the discrepancy in the documentation, and to rework the conveyance documents." Ogontz's Motion to Reconsider, 3/29/18, at 2. According to the motion, efforts to resolve disagreements pertaining to the scope of the conveyance had been ongoing but were delayed because of difficulties in conducting necessary research into the condominium's formation history, caused in part by a past fire that allegedly destroyed architectural drawings of the property in question. Motion, at 2-3.

"In retrospect," Ogontz offered, "rather than filing stipulations and not addressing the pending preliminary objections, counsel for the Plaintiff acknowledges that procedurally a Praecipe to Settle, Discontinue and End

without prejudice should have been filed, thereby removing the matter from the Court's docket while the attempts to amicably resolve the matter remained ongoing." Motion, at 3. Ogontz, therefore, requested that the court vacate the Order dismissing the matter with prejudice in favor of permitting Ogontz to file a Praecipe to Settle, Discontinue, and End, without prejudice. On April 18, 2018, the trial court denied Ogontz's Motion to Reconsider. This timely appeal followed.

Plaintiff/Appellant Ogontz presents the following questions for review:

1. [Did] the trial court [err] as a matter of law in sustaining the preliminary objections raised by Defendant [HESC] under Pa.R.C.P. 1028(a)(4) (Demurrer) by failing to consider all well-pleaded material facts, misperceiving well-pleaded material facts, failing to consider and accept as true all inferences fairly deductible therefrom, and erroneously concluding that there were no facts that would entitle Plaintiff to relief[?]

2. [Did the trial court], in sustaining the preliminary objections of Defendant under other paragraphs of Pa.R.C.P. 1028, [err] by concluding that Plaintiff "will not state a viable claim," and [err] by issuing an order which failed to grant leave to file a Second Amended Complaint[?]

3. [Did] the trial court [err] in dismissing the Amended Complaint <u>with prejudice</u>[?]

Appellant's brief, at 2.

Appellant Ogontz's issues coalesce to challenge the trial court's order sustaining Appellee HESC's preliminary objections. Our standard of review of this matter is well-settled:

> In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.
>
> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Jones v. Board of Directors of Valor Credit Union*, 169 A.3d 632, 635

(Pa.Super. 2017) (citations omitted). With respect to preliminary objections

for insufficient specificity in a pleading, this Court has stated that:

> [t]he pertinent question under [Pennsylvania] Rule [of Civil Procedure] 1028(a)(3) is whether the complaint is sufficiently clear to enable the defendant to prepare his defense, or whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.

*Rambo v. Greene*, 906 A.2d 1232, 1236 (Pa.Super. 2006) (internal

quotations omitted).

"Pennsylvania is a fact-pleading state; a complaint must not only give

the defendant notice of what the plaintiff's claim is and the grounds upon

which it rests, but the complaint must also formulate the issues by

summarizing those facts essential to support the claim." *Lerner v. Lerner*,

954 A.2d 1229, 1235 (Pa.Super. 2008). The pleadings standards set forth in Pa.R.C.P. 1019 specifically

> require the pleader to disclose the material facts sufficient to enable the adverse party to prepare his case. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, *i.e.* those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged.... Allegations will withstand challenge under [Rule] 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.

*Id.* at 1235–36 (quoting **Baker v. Rangos**, 324 A.2d 498, 505–06 (Pa.Super. 1974)).

A review of Ogontz's Amended Complaint shows, first, that it satisfied its obligation to assert ultimate facts that it possessed standing to pursue the present claim. As such, we disagree with the learned trial court to the extent it concludes "Ogontz made no averments at all that Buyer complied with [the Purchase Agreement's assignment provisions]," to the demise of Ogontz's claim of standing as an assignee to CityView. **See** Pa.R.A.P. 1925(a) Opinion, at 3 n.6.

In fact, the Amended Complaint avers, "Ogontz Plaza made this purchase as the assignee of CityView pursuant to an Agreement for the Purchase and Sale of Real Estate (the "Agreement") entered into between CityView and HESC Corp. . . . Said assignment being oral and pursuant to §17(i) of the Agreement." Amended Complaint, ¶ 3. Section 17(i) of the

- 6 -

Agreement of Sale specifies that "Buyer shall be entitled to, without Seller's prior consent, assign this Agreement to an entity formed by Buyer or its principals prior to Closing. . . ."

Therefore, we find Ogontz sufficiently averred ultimate facts that it became City View's assignee prior to closing so as to, at the very least, create a doubt regarding its standing to assert rights under the Agreement. Sustaining of preliminary objections on this basis, therefore, was error.

An alternative basis upon which the trial court sustained preliminary objections, however, centered on Ogontz's claim that HESC breached its contractual duty to deliver the "Property" as described in Section 14(j) of the Agreement, entitled "Seller's Representations and Warranties." In Section 14(j), HESC represents that Exhibit 14(j) of the Agreement sets forth a "Rent Roll" listing condominium units within the Property and the corresponding rents charged to their respective tenants. Among the units listed is the unit at issue in the present appeal, 7175 Ogontz Ave, Suite D, consisting of 1200 square feet.

In its Amended Petition, Ogontz claims Section 14(j) and Exhibit 14(j) of the Agreement of Sale conferred upon it a contractual right to receive Suite D as part of the condominium "Property" it purchased. Ogontz, however, acknowledges that a discrepancy exists between the Exhibit 14(j) Rent Roll and the more specific, legal description of the actual property to be conveyed as it appeared on Page 1, Section A of the Agreement of Sale in the Agreement

of Sale, and again in the Deed. Specifically, the latter descriptions do not reference 7175 Ogontz Avenue, Suite D.[1]

Examining the Amended Complaint and its attached documents with respect to the scope of the Property conveyed, we find it undeniable that the primary and specific description of the property appearing in the Agreement of Sale did not include Suite D, thus placing Ogontz on notice as to the entirety of the subject Property. Moreover, this clear description aligned precisely with the description of the conveyance appearing in the Deed, itself. If parties who can read do not "read a deed put before [them] for execution, [they are] guilty of supine negligence, which is not the subject of protection either in equity or at law." *In re LaRocca's Trust Estate*, 192 A.2d 409, 414.

To the extent Ogontz now argues that the Agreement's Section 14 created sufficient doubt regarding whether the parties intended to include Suite D in the Deed so as to survive the preliminary objection stage, we must disagree. This is so because the Amended Complaint fails to articulate ultimate facts that would bring this case outside the scope of the general rule calling for merger of a contract in a subsequently executed deed:

_____

[1] The first paragraph of the Agreement of Sale provides:

> A. Buyer and Seller have entered into a Letter of Intent with respect to the Ogontz Plaza, consisting of certain real property located at Ogontz Plaza located at 7101-63 Ogontz Avenue, as well as Units C-3 and C-4 of that condominium located at 7169-7171, 7175 Ogontz Avenue in Philadelphia, Pennsylvania, as more particularly described on the attached hereto as Exhibit A (the **"Property"**).

"The general rule, in the absence of fraud or mistake, and of an intent to the contrary, is that an antecedent contract for the purchase of land is merged in the deed...upon the delivery and acceptance of the deed, there exists a '*prima facie* presumption' of merger." **Dobkin v. Landsberg**, 273 Pa. 174, 182, 116 A. 814, 817 (1922) (internal citation and quotation marks omitted). The law presumes that delivery and acceptance of a deed consummates the prior agreement and precludes the parties "from looking behind the conveyance to subjects of strife suggested by their previous...contracts"; this preclusion applies to all parties in interest, even third parties. **Id.** at 185, 116 A. at 818. "When a deed has been executed in pursuance of a prior agreement, it is *prima facie* evidence the latter has so merged that no action could be maintained on any of its covenants...." **Id.** at 186, 116 A. at 818.

"Merger is said to be the rule, except when the intention of the parties is otherwise. . . .

…

The intention of the parties is evidenced by the attending circumstances of each transaction. **Dobkin**, **supra**. "Intention of the parties...may be shown by their declarations, acts, or conduct at the time of execution of the agreement in question or from the terms of the writing itself." **Dick v. McWilliams**, 291 Pa. 165, 169, 139 A. 745, 746 (1927).

"While the general rule undoubtedly is that, if the agreement is one for sale of lands, it will be presumed, in absence of an intent to the contrary, the contract of purchase is merged in the deed. . . ."

…

But the *prima facie* presumption of the law arising from the [delivery and] acceptance of a deed is that it is the execution of the whole contract. ... [Y]et the general rule is that a purchase is consummated by the conveyance; after which the parties have no recourse to each other except for imposition or fraud, or upon the covenants in the deed." **Dobkin, supra** at 184, 116 A. at 817. Thus, "to rebut the legal presumption [of merger], the intention to the contrary must be clear and manifest." **Id.** at 185, 116 A. at 818.

***In re Mihordin***, 162 A.3d 1166, 1171–72 (Pa.Super. 2017).

Here, the Amended Complaint failed to aver facts making clear and manifest the parties' shared intent to convey Suite D to Ogontz despite the absence of any reference to Suite D in either the specific description of the subject property in the Agreement of Sale or in the subsequently executed Deed.  For this reason, we agree with the trial court's apparent application of the general rule that the property description in the Deed controls.[2] Accordingly, we find no error with the trial court's order sustaining HESC's preliminary objections to Ogontz's breach of contract claim raised in Count I of the Amended Complaint.

Likewise, we find the trial court properly determined that Count II of the Amended Complaint provided Ogontz with no opportunity for relief. Specifically, Count II averred that HESC breached its contractual duty to provide Ogontz with access to utilities, alarm, and sprinkler system located in a portion of the Property's basement not owned by Ogontz Plaza, but part of the common area of the Ogontz Condominium."  The Amended Complaint, however, refers to no provision in the Agreement to support a legal cause of action in contract in this respect.  Accordingly, we find no error with the order sustaining preliminary objections on Count II.

For the foregoing reasons, we affirm the order entered below.

_____

[2] In this regard, we note with approval the trial court's observation that an action sounding in property law would represent the appropriate means by which to seek a remedy.

- 10 -

Order affirmed.

 P.J.E. Bender joins the Memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/19